# THE SUPREME COURT OF GEORGIA,

*Decisions Rendered December 1, 1885.*

REPORTED BY J. H. LUMPKIN, REPORTER.

## GIBSON vs. PATTERSON.

NON-SUIT, FROM BIBB. Bonds. Equity. Alimony. Quia timet. Arrest. Presumptions. Husband and Wife. Duress. Principal and Surety. (Before Judge Simmons.)

[Jackson, C. J., and Hall, J., being disqualified, Judges Hammond and Stewart, of the Atlanta and Flint circuits, presided in their stead.]

Hammond, J.—1. Where a bond was given, reciting that the obligee had filed her libel for divorce and bill *quia timet* against the obligor, under which he had been arrested, and the condition was for the payments of such amounts as might be ordered by the court from time to time as alimony and counsel fees to complainant, the mere recital that the arrest was made on a bill *quia timet* was not even prima facie evidence that it was illegal, it appearing that it was made by virtue of the order of the chancellor. The presumption in favor of the proper conduct of courts and judicial officers acting within their legitimate sphere, operates in favor of the legality of that proceeding, and, if not conclusive, would certainly cast upon the defendant the burden of showing that it was illegal. Code, §3753.

(a) Where a bill was filed in aid of a libel for divorce, and the principal purpose of it was to secure the wife's alimony, with proper allegations and proof, the chancellor would have authority to order the arrest of the defendant, and to require him to give bond and security for his compliance with any order that he might grant in the divorce case then pending for the payment of alimony to his wife. Code, §§3226, sub sec. 7, 3230.

(b) The bill being lost, the presumption is that its allegations were sufficient to authorize the granting of the order requiring the defendant to give the bond sued on.

2. Temporary alimony is fixed by the judge in his discretion, and upon the passage of the order allowing it, the right to the amount allowed becomes fixed and absolute until revoked or modified by the judge, and may be enforced by writ of *fieri facias* or by attachment for contempt; and the failing to apply for the remedy to enforce it dur-

ing the pendency of the suit cannot operate to deprive the plaintiff of the right to sue for it after the final verdict disallowing permanent alimony. The granting of temporary alimony is a question for the court; the finding or refusal of permanent alimony is for the jury. 21 How. (U. S.), 582; 2 Halst., 142 (11 Am. Dec 541); 1 Blackf., 360; (12 Am. Dec. 251); 2 Bland, 566, note; Ibid., 565 *et seq.*

3. It is difficult to see how a bond given under the order of the chancellor and in compliance therewith as a condition of the principal obligor's |release, was under duress, so as to be invalid. The plaintiff in a suit on such bond, at least had the right to have the question submitted to the jury, and the onus of establishing the duress was on the defendant.

(a) The question whether or not the surety on such a bond could avail himself of the defense of duress upon the principal obligor at the time of the execution of the bond, where the duress was known to the surety at the time, is left undetermined. Code, §2149; Brandt on Suretyship, 121; 12 Morton (La. An. O. S.), 378; 6 Robinson (La. An.), 63; 70 N. C., 459; 6 Robinson La., 60; 26 Barb., 122; 21 Md., 208; 13 Miss., 94; 2 Baily (S. C.), 492; Caine's Rep. (N. Y.), 9, note a; 4 Hunter (N. Y.), 166; 15 Johns, 256; 24 Ga., 296; Dudley's Rep., 245; 5 Pet., 129; 72 Penn. St., 375; 2 Mass., 487.

Judgment reversed.

Hardeman & Davis; Gustin & Hall, for plaintiff in error.

R. W. Patterson; R. F. Lyon, for defendant.

---

PHYSIOC *vs.* SHEA, AND VICE VERSA.

COMPLAINT, FROM BIBB. Practice in Superior Court. Jury and Jurors. Verdict. Master and Servant. Actions. (Before Judge Simmons.)

Jackson, C. J.—1. The old idea of starving juries to coerce a verdict has passed away, and the judge is empowered to furnish refreshments at the expense of the county. It was, therefore, error for the court to state, in effect, after the jury had been out all night without supper or breakfast, that they would not be allowed their meals except at their own expense. This operated as a threat to starve such as had no money into finding a verdict, and resulted in a speedy finding. Code, §3947; 37 Ga., 195.

2. A new trial should have been granted also, because the verdict was contrary to law and the evidence.

(a) If a foreman or "boss" in a tailor shop went on a spree, neg-