BREEN *v.* BREEN.

HAWKINS, Justice. 1. While a judgment for permanent alimony, based upon the agreement of the parties, which judgment was not excepted to and contains no reservation of jurisdiction for the purpose of later modifying the same, passes beyond the discretionary control of the trial judge, and he has no authority thereafter to modify the terms of such judgment (*Coffee* v. *Coffee,* 101 *Ga.* 787, 28 S. E. 977; *Wilkins* v. *Wilkins,* 146 *Ga.* 382, 91 S. E. 415)—yet, where such judgment for permanent alimony is based upon an agreement of the parties, and both the agreement, which is made the judgment of the court, and the judgment itself, reserve the right of the judge of the superior court to modify the same, the judge may, on application subsequent to such judgment, modify the same in accordance with the terms of the agreement of the parties and the judgment based thereon. *Hardy* v. *Pennington,* 187 *Ga.* 523 (1 S. E. 2d, 667); *Chandler* v. *Chandler,* 204 *Ga.* 40 (48 S. E. 2d, 841).

2. In the instant case—where permanent alimony of $35 per month each was awarded to the wife and to two minor daughters, with the provision in the agreement of the parties and the judgment of the court that, "in the event of remarriage of plaintiff or the death of either or both of the two children, or either or both of the two children marrying or either or both of said two children becoming self-supporting, the court reserves the right to determine the future amount of money to be paid as alimony for their maintenance and support", and where the husband, after one of the daughters marries and the other attains her majority, applied to the judge to relieve him from the payment of any alimony to the wife upon the ground that she had become self-supporting—the trial judge did not err in requiring the husband to continue the payments of $35 per month to the wife as provided in the original judgment for alimony, since the application set forth no valid ground for modification as to the amount payable to the wife as contemplated by the terms of the agreement, she not having remarried and the agreement containing no provision for modification upon her becoming self-supporting. *Chandler* v. *Chandler,* 204 *Ga.* 40 (supra); *Estes* v. *Estes,* 192 *Ga.* 100 (14 S. E. 2d, 680); *Nipper* v. *Nipper,* 133 *Ga.* 216 (65 S. E. 405).

*Judgment affirmed. All the Justices concur.*

No. 17704. ARGUED JANUARY 17, 1952—DECIDED FEBRUARY 13, 1952— REHEARING DENIED MARCH 13, 1952.

*Winfield P. Jones* and *F. L. Breen,* for plaintiff in error.
*James A. Mackay,* contra.