#### 20061. BUXTON *v.* HOOKER.

CANDLER, Justice. The marriage between John Arnold Hooker and Evelyn Hooker was dissolved by divorce in the Superior Court of Chatham County on March 12, 1945. The verdict awarded $10 per week for the support of their one-year-old son, Arthur W. Hooker, and required the father to pay the amount so awarded weekly to the mother until their son reached his majority. Permanent custody of the child was placed in the mother with certain visitation rights in the father. To these judgments there was no exception. Subsequently and after her marriage to Grady B. Buxton, the mother filed an application in the same court for leave to remove the child beyond the limits of this State. On the hearing of that application, the parties agreed that the father would relinquish his visitation rights in consideration of the mother's agreement to waive further payments of the alimony awarded for the support of their minor child. On this agreement, the judge by an order, which was granted on July 18, 1947, modified the original alimony judgment so as to relieve the father from any liability to pay future instalments of alimony for the support of his child. Alleging that the father had not paid any of the alimony instalments due their child since July 18, 1947, the mother, Mrs. Buxton, instituted this proceeding to vacate and set aside the modifying order of July 18, 1947, and to recover a judgment against the father for the accumulated alimony due their child which was then unpaid and in default. As the

defendant in that proceeding, the father demurred on the ground that no cause of action for any of the relief sought was stated by the petition. His demurrer was sustained, and the exception is to that judgment. *Held:*

1. The decree awarding permanent alimony for the support of the minor child of the parties to this cause was based on the verdict which a jury rendered in their divorce and alimony suit on March 12, 1945; and since it was not excepted to and therefore became absolute, the court was without power or jurisdiction to modify its terms on July 18, 1947, even with the consent of the child's parents. *Ethridge* v. *Echols,* 212 *Ga.* 597 (94 S. E. 2d 377); *Swain* v. *Wells,* 210 *Ga.* 394 (80 S. E. 2d 321); *Martin* v. *Martin,* 209 *Ga.* 850 (76 S. E. 2d 390); *Burch* v. *Kenmore,* 206 *Ga.* 277 (56 S. E. 2d 508); *Varble* v. *Hughes,* 205 *Ga.* 29 (52 S. E. 2d 303); *Estes* v. *Estes,* 192 *Ga.* 100 (14 S. E. 2d 680); *Glaze* v. *Strength,* 186 *Ga.* 613 (198 S. E. 721). And, since a judgment rendered by a court without power or jurisdiction to do so is a nullity and will be vacated and set aside in a proceeding brought for that purpose (Code § 110-709; *Jordan* v. *Callaway & Co.,* 138 *Ga.* 209 (3), 75 S. E. 101), the judgment rendered on July 18, 1947, which purports to modify the permanent alimony judgment of March 12, 1945, being void for want of power or jurisdiction in the court to grant it, constitutes no defense to the plaintiff's action to collect the amount awarded for the support of her child by the jury's verdict, payment of which had not been made and was in arrears at the time her suit was filed. Hence, the petition stated a cause of action for the relief sought, and the court erred in dismissing it on demurrer thereto. We have not overlooked the majority ruling in *Morris* v. *Sheffield,* 214 *Ga.* 63 (102 S. E. 2d 595), which was a divorce and alimony case. The decree in that case was based on a contract which the parties made respecting custody of their minor son and the amount which the father should pay weekly for his support. Under the contract and the decree the father had certain visitation rights, and neither party was to take the child out of the State unless specially authorized to do so by order of the court. The mother, after her remarriage, applied to the court for leave to take the child to Honolulu, Hawaii, and the court denied her application. She did not except to his order, but in disobedience of and in open defiance of it removed the child to her new residence,

which she and her second husband had established in Honolulu. The record shows that the husband continued to comply with the decree by depositing the amount due for the support of his child in a trust account with First Federal Savings & Loan Association in Atlanta, Georgia. The mother, while still residing in Honolulu, sought strict compliance with the alimony feature of the decree, and this court in effect held that she could not invoke the aid of the court for the purpose of enforcing a part of the decree while she was at the same time wilfully defying it as to another part.

(a) The rule that estops one from attacking the validity of a judgment which he obtains has no application in this case. The rights of the minor here involved as fixed by the original alimony decree were not affected in any way by any subsequent act of the mother or by the subsequent judgment she obtained.

2. The act which the legislature passed in 1955 (Ga. L. 1955, p. 630), providing for modification of permanent alimony judgments does not apply here, as the judgment which the court sought to modify was entered prior to the passage and approval of such act. *Anthony* v. *Penn,* 212 *Ga.* 292 (92 S. E. 2d 14).

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED MAY 12, 1958—DECIDED JULY 11, 1958.

*Harry N. Ginsberg, Aaron Kravitch,* for plaintiff in error.
*Shelby Myrick, Myrick, Myrick & Richardson,* contra.