20470. FRICKS *v.* FRICKS.

</div>

MOBLEY, Justice. The parties to this case obtained a divorce in the Superior Court of Floyd County on January 14, 1949. Custody of their minor child was awarded to the mother, the defendant in error. The decree provided that the plaintiff in error should pay to the defendant in error "$15 per week until the child is 18 years of age. This amount is to be paid unless there is a change in earnings of defendant and the court retains jurisdiction of said case and said case may be reopened by either party at any time. Alimony is to stop on the plaintiff's remarrying." The amount of alimony and the terms relating thereto were agreed upon in advance by the parties and were made the judgment of the

. court. There was no jury trial. On a petition filed by the defendant in error to modify the original alimony decree, the court entered an order dated October 14, 1949, reducing the alimony to $7.50 per week, payable until the child reaches 18 or the mother remarries, as provided in the original order. The order recited that the parties had agreed as to all matters regarding alimony. In September, 1958, the defendant in error filed her petition in Floyd Superior Court, seeking to have stricken as being null and void the provision of the original decree to the effect that alimony should cease upon remarriage of the defendant in error and to declare null and void the order of October 14, 1949, on the ground that the court had no power to retain jurisdiction of the case. The court overruled the plaintiff in error's demurrers, and declared null and void the language complained of in the original decree and the decree of October 14, 1949, in its entirety; the first on the ground that the court had no authority to relieve the plaintiff in error from supporting his child upon the defendant in error's remarriage, and the second on the ground that the court had no jurisdiction to entertain the proceeding to modify the original decree. The exception is to that ruling.

1. The trial court's modification of the decree awarding permanent alimony in this case occurred in 1949, prior to the enactment of the act approved March 9, 1955, as amended by the act of February 26, 1957 (Ga. L. 1955, pp. 630-632; Ga. L. 1957, pp. 94-96; Code, Ann., §§ 30-220—30-225), providing for the modification of permanent-alimony decrees when it is shown that a change in the income and financial status of the husband warrants it. Therefore, the law relating to revision or modification of permanent alimony decrees as applied before enactment of this act must be followed in the instant case. See *Buxton* v. *Hooker*, 214 *Ga.* 271 (2) (104 S. E. 2d 437). The general rule thus applicable is that a decree awarding permanent alimony cannot be modified or revised by the trial judge after the final decree has been rendered. *Gilbert* v. *Gilbert*, 151 *Ga.* 520 (107 S. E. 490). An exception to the general rule is allowed, provided (1) there was no jury trial as to permanent alimony, and the question of permanent alimony was disposed of by agreement of the parties incorporated in the decree and made the judgment of the court; and (2) the power to change or

modify the decree was reserved to the court by consent of the parties. *Hardy* v. *Pennington,* 187 *Ga.* 523 (1 S. E. 2d 667); *Banda* v. *Banda,* 192 *Ga.* 5 (14 S. E. 2d 479); *Breen* v. *Breen,* 208 *Ga.* 767 (1) (69 S. E. 2d 572). In the instant case, it appears that the parties agreed to the alimony settlement and that their agreement was made the judgment of the court; that there was no jury trial; and that the decree recited that the court retained jurisdiction for the purpose of modification of the decree. However, it does not appear that the parties consented to the retention of jurisdiction by the court. "Where . . . judgment for permanent alimony is based upon an agreement of the parties, and both the agreement, which is made the judgment of the court, and the judgment itself, reserve the right of the judge of the superior court to modify the same, the judge may, on application subsequent to such judgment, modify the same in accordance with the terms of the agreement of the parties and the judgment based thereon." *Breen* v. *Breen,* supra. Accordingly, the trial judge was without jurisdiction and had no authority in October, 1949, to modify the award of alimony granted in January, 1949. "A judgment rendered by a court without jurisdiction is a mere nullity, and may be so held wherever and whenever and in whatever way it is sought to be used as a valid judgment." *Towns* v. *Springer,* 9 *Ga.* 130 (1). See also *Boyd* v. *Glass,* 34 *Ga.* 253, 256 (84 Am. Dec. 252). "A judgment which is void for want of jurisdiction does not afford any basis for applying the doctrine of res adjudicata or estoppel." *Eagan* v. *First Nat. Bank,* 212 *Ga.* 212, 213 (91 S. E. 2d 499). "The decree awarding permanent alimony for the support of the minor child of the parties to this cause was based on the verdict which a jury rendered in their divorce and alimony suit on March 12, 1945; and since it was not excepted to and therefore became absolute, the court was without power or jurisdiction to modify its terms on July 18, 1947, even with the consent of the child's parents." *Buxton* v. *Hooker,* 214 *Ga.* 271 (1), supra. The trial court did not err in declaring the decree of October 14, 1949, modifying the original judgment in the case, null and void, and properly overruled the demurrers as to this portion of the petition.

2. That portion of the decree of January, 1949, providing that alimony for the support of the minor child should cease upon

remarriage of the mother was not rendered null and void by reason of the fact that the mother might remarry during the minority of the child. Code § 30-207 provides that the jury shall ". . . specify what amount the minor children shall be entitled to for their permanent support; and in what manner, how often, to whom, and until when it shall be paid. . ." Therefore, the jury may provide for termination of alimony payments for support of a child before the child reaches his majority. As stated in *Mell* v. *Mell,* 190 *Ga.* 508, 510 (9 S. E. 2d 756): "The amount found may be in a lump sum which they may provide shall be paid at once or in installments. This amount may or may not be calculated to support the child or children until their majority. Again, the amount may be a sum calculated to cover the current needs of the child or children, and be payable at appropriate intervals. They must provide 'until when it shall be paid,' and this, if the facts should warrant, may be fixed at a period less than the period of minority of the child." See also *Harrison* v. *Harrison,* 207 *Ga.* 393 (61 S. E. 2d 837). Since the jury could have provided for a duration for payment of alimony less than the remainder of the child's minority, the same could have been provided for in a consent judgment. *Estes* v. *Estes,* 192 *Ga.* 94, 96 (14 S. E. 2d 681). The trial court erred in overruling the general demurrer to that portion of the petition seeking to set aside the provision of the original judgment that "alimony is to stop on the plaintiff's remarrying"; and that portion of the judgment of the trial court excepted to declaring null and void and of no further effect the provision of the judgment of the Superior Court of Floyd County, January term, 1949, that "alimony is to stop on the plaintiff's remarrying" was erroneous and must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Submitted May 11, 1959—Decided June 5, 1959.

*Robert L. Scoggin,* for plaintiff in error.
*Clower & Anderson,* contra.