### 20553. ZUBER *v.* ZUBER.

Mobley, Justice. The exception in this case is to the judgment of the Superior Court of Barrow County sustaining the general demurrer filed by the defendant, Mrs. Darline Wilson Zuber, to a petition brought by John D. Zuber, asking the court to declare invalid a judgment of that court of December 5, 1953, awarding permanent alimony to Mrs. Zuber in the sum of $65 per month, plus payments on a refrigerator and $100 per month for support of the son of the parties, and also asking to declare invalid a judgment of January 30,

1954, modifying the judgment of December 5, 1953, by reducing the amount for the son from $100 to $35 per month. *Held:*

1. The petition alleged that the judgment of December 5, 1953, was invalid because a divorce between the parties had been granted September 28, 1953, at which time the custody of the child was awarded to the mother, and the divorce decree contained this provision: "The court fixes alimony and support for the wife and children as follows: This matter is left open and jurisdiction is retained for the purpose of determining the same at a later date"; that, under the law as of that time, the judgment became final October 29, 1953, and could not thereafter be modified. This is neither the case of a modification of an award of permanent alimony, which was prohibited prior to the enactment of the 1955 act providing therefor (Ga. L. 1955, p. 630; Code, Ann., § 30-220), nor of an action instituted by the wife for permanent alimony after the divorce has become final. Rather, it is a case in which a jury trial was waived and in which the trial judge reserved the determination of permanent alimony until after the divorce itself had become final. It is firmly settled by decisions of this court that a wife cannot institute an action for alimony after having obtained a valid judgment of divorce from her husband. *Joyner* v. *Joyner*, 131 *Ga.* 217 (3) (62 S. E. 182, 18 L.R.A. (NS) 647, 127 Am. St. Rep. 220); *Watson* v. *Watson*, 168 *Ga.* 573 (1) (148 S. E. 386); *Allen* v. *Baker*, 188 *Ga.* 696 (2) (4 S. E. 2d 642). Here, however, Mrs. Zuber instituted an action for permanent alimony before the divorce had become final; but the trial judge reserved a determination of the question of permanent alimony until after the divorce had become final. It was held in *Boone* v. *Boone*, 192 *Ga.* 579 (3) (15 S. E. 2d 868), that, since the wife in that case had instituted her action for permanent alimony while the marital relation still existed, her husband's subsequent grant of a divorce would not serve to bar her right to alimony. "Jurisdiction of the subject-matter of a suit for permanent alimony depends on existence of the marital relation at the time the action is instituted." *Durden* v. *Durden*, 191 *Ga.* 404, 406 (2) (12 S. E. 2d 305). "Alimony may be granted after a decree of divorce, if the right to have it subsequently determined is reserved therein, provided application therefor is made before the action has become stale."

27A C. J. S. 1024, § 231. This matter having been tried before the court without a jury, and the judge having, at the time the divorce was granted and custody awarded, reserved for future determination the question of alimony and support for the wife and child, he acted within his authority in entering the judgment of December 5, 1953, awarding alimony and properly sustained the general demurrer to this portion of the petition.

2. The petition further alleged that, on January 30, 1954, the trial court entered judgment modifying the judgment of December 5, 1953, by reducing the payments for support of the son from $100 to $35 per month, and prayed that this judgment be declared invalid. Prior to the enactment of the act approved March 9, 1955, as amended by the act approved February 26, 1957 (Ga. L. 1955, pp. 630-632; Ga. L. 1957, pp. 94-96; Code, Ann., §§ 30-220—30-225), and at the time the judgment of January 30, 1954, was entered, there could be no modification of an award of permanent alimony after the final divorce decree had been rendered, except in cases in which "(1) there was no jury trial as to permanent alimony and the question of permanent alimony was disposed of by agreement of the parties incorporated in the decree and made the judgment of the court; and (2) the power to change or modify the decree was reserved to the court by consent of the parties." *Fricks* v. *Fricks*, 215 *Ga.* 137, 138 (109 S. E. 2d 596). See also *Hardy* v. *Pennington*, 187 *Ga.* 523 (1 S. E. 2d 667); *Banda* v. *Banda*, 192 *Ga.* 5, 6 (1) (14 S. E. 2d 479); *Breen* v. *Breen*, 208 *Ga.* 767 (1) (69 S. E. 2d 572). Since it does not appear that the trial court retained jurisdiction under the conditions set forth above, the court was without jurisdiction to modify the award of alimony made December 5, 1953. "A judgment rendered by a court without jurisdiction is a mere nullity, and may be so held wherever and whenever and in whatever way it is sought to be used as a valid judgment." *Towns* v. *Springer*, 9 *Ga.* 130 (1). Accordingly, the court below erred in sustaining the general demurrer to that portion of the petition dealing with the judgment of January 30, 1954, which modified the original award of alimony.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JULY 13, 1959—DECIDED SEPTEMBER 11, 1959.

*Marvin D. Pierce, Jr.,* for plaintiff in error.
*C. O. Baker,* contra.