### 21104. DANIEL v. DANIEL.

Mobley, Justice. A final judgment and decree of divorce and alimony was entered in Fulton Superior Court on October 6, 1955, between the parties to this litigation. The case was tried before the judge without a jury, and the final judgment and decree incorporated an agreement between the parties, which settled the question of custody and support of the minor children of the parties and the question of alimony for the wife. In the agreement the parties divided the household furnishings, and .the husband agreed, among other things: to deed the wife the residence property where they had resided prior to separation and to transfer to her the policies of casualty insurance thereon; to transfer an automobile to her and the insurance policy thereon; to transfer to her a $20,000 life-insurance policy on the husband's life, and continue to pay the premiums thereon; to pay $1,000 to one of the minor children to apply towards his college education, or to turn over to said child a certain life-insurance policy. The agreement expressly provided that the settlement therein made was intended as a full and complete satisfaction of the alimony obligations of the husband to the wife and of the husband's obligation to support his minor children. In the final judgment and decree, after ordering that each of the parties should perform his and her respective obligations under the agreement, the trial court added the following: "The defendant shall have no other and further duty of support of the plaintiff or of the said minor children, except as set forth in said agreement; except that the court reserves jurisdiction as to unmarried minor children, hereafter to consider any application, upon proper showing, as to modifications of this decree relating to the support of said children."

On June 27, 1960, the former wife filed a petition to modify the final judgment and decree of October 6, 1955, seeking to require the father to "adequately and properly support" one of

the minor children named therein. The defendant father filed demurrers and a plea in bar to the petition for modification. On September 28, 1960, the trial court entered an order overruling the said demurrers and plea in bar, but, during the same term of court, vacated that order and entered an order sustaining the general demurrer and dismissing the petition. The plaintiff assigns error on the order vacating the order of September 28, 1960, and on the order sustaining the general demurrer and dismissing the petition. *Held:*

1. The petition does not state a cause of action under Ga. L. 1955, p. 630 (*Code Ann.* § 30-220 et seq.) for modification of the divorce and alimony decree of October 6, 1955, because that statute, by its express terms, is inapplicable to a case such as this, where the wife or child or children or both have been given an award from the corpus of the husband's estate in lieu of weekly, monthly, annual, or similar periodic permanent alimony payments. *Code Ann.* § 30-222.

2. Neither does the petition allege a cause of action, as contended by the plaintiff in error, on the theory that the trial court, by its order of October 6, 1955, retained jurisdiction of the subject matter and parties so as to permit the court to continue thereafter to revise and modify its order with respect to alimony payable to or on behalf of the minor children. In two recent cases involving the same principles of law applicable to the instant case, this court endeavored to clarify the law in force in this State relating to the modification of a final decree for divorce and alimony in cases not coming under the provisions of the act of 1955, supra. *Fricks v. Fricks*, 215 Ga. 137 (109 S. E. 2d 596); *Zuber v. Zuber*, 215 Ga. 314 (110 S. E. 2d 370). As was stated in those two cases, the *general rule* is that a *final* decree for divorce and permanent alimony cannot be modified or revised by the trial court. This general rule is subject to an exception in those instances where: (1) the case was tried before the court without a jury, and the matter of permanent alimony was settled by agreement of the parties, which agreement was incorporated in and made a part of the final judgment and decree; and (2) the authority to change or modify the decree as to alimony was reserved to the court by the consent of the parties. See the *Fricks* and *Zuber* cases, supra, for numerous citations of cases on this question.

The instant case was tried by the court without a jury, and the parties settled the matter of permanent alimony by agreement, which was incorporated in and made a part of the final judgment and decree. However, the agreement of the parties did not contain a provision authorizing the court to change or modify the alimony award, but expressly provided that the agreement was intended as a full and complete satisfaction of the husband's obligation with respect to alimony and child support. While the plaintiff alleges in her petition that the trial court expressly retained jurisdiction of the question of alimony for the unmarried minor children of the parties by consent of the parties, and contends that this allegation should on general demurrer, be accepted as true, the actual agreement between the parties, which she attached as an exhibit to her petition does not contain any such provision, and the statement of the trial court reserving jurisdiction in its order does not show that it did so with the consent of the parties.

Since the final judgment and decree of October 6, 1955, passed beyond the jurisdiction of the trial court thereafter to change or modify its terms, the Superior Court of Fulton County did not err in vacating its order of September 28, 1960, and in sustaining the general demurrer to the plaintiff's petition for modification.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1961—DECIDED FEBRUARY 9, 1961.

*Smith, Field, Ringel, Martin & Carr, Herbert A. Ringel, H. A. Stephens, Jr.,* for plaintiff in error.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr., M. K. Pentecost, Jr.,* contra.