23640. WRIGHT v. WRIGHT.

778

Argued September 15, 1966—Decided November 23, 1966—
Rehearing denied December 5, 1966.

*P. C. King,* for appellant.
*Walter W. Aycock,* for appellee.

Cook, Justice. Dr. Charles Bernard Wright filed a petition for divorce on January 6, 1961, against his wife, Mrs. Doris Chancey Wright. On June 19, 1961, Mrs. Wright filed an answer and cross action, praying that her husband be denied a divorce, and that she be granted temporary and permanent alimony and attorney's fees. On August 8, 1961, Dr. Wright dismissed his petition for divorce, and prayed that the answer and cross action of Mrs. Wright be dismissed, since he had moved beyond the jurisdiction of the court, to Fort Lauderdale, Florida, and there was no personal service of the cross action on him. The motion to dismiss the answer and cross action was denied, and this court in *Wright v. Wright,* 217 Ga. 511 (123

SE2d 557), affirmed that judgment, holding as follows: "Where, as in this case, the petitioner sought a divorce against the defendant, who thereafter personally served her answer and cross action upon the attorney of record for the petitioner after process issued, and service was accomplished upon her, and the petitioner then dismissed his case and moved to the state of Florida, his motion to dismiss the answer and cross action for lack of personal service is without merit, as the cross action is still pending even though the main action for divorce was dismissed, the court having jurisdiction of both the parties and the subject matter."

On October 1, 1965, Mrs. Wright filed an amendment to her cross action, in which she added to the prayers of her cross action prayers for a divorce; for certain property as permanent alimony; and for additional attorney's fees. On October 5, 1965, the case was tried by a jury. A divorce was granted to Mrs. Wright, and Dr. Wright was denied the right to remarry. Alimony was awarded of $10,000 as a lump sum payment, certain property, and $400 monthly, terminating upon remarriage by Mrs. Wright. The appeal by Dr. Wright is from the judgment entered on the verdict of the jury.

■ The enumeration of errors contains 18 specifications of error. Specifications 3, 4, 5, 12, and 13 all deal with the question of whether the appellee could amend her cross action for alimony by adding a prayer for divorce, after the petition for divorce by the appellant had been dismissed, this amendment showing that the appellant had left the State of Georgia.

On the former appearance of the case in this court it was held that jurisdiction remained in Fulton Superior Court to consider the cross action of the appellee for alimony. In the original cross action the appellee recriminated the allegations of cruel treatment made by the appellant with allegations of cruel treatment on his part. She alleged that she did not want a divorce, and prayed that the appellant be denied a divorce, and that she be granted temporary and permanent alimony and attorney's fees. In the amendment of October 1, 1965, she struck the allegation that she did not want a divorce, and amended the prayers of her cross action to ask for a divorce and additional

alimony. These prayers were germane to the allegations in her original cross action, and the amendment was properly allowed. Compare *Rowell v. Rowell*, 209 Ga. 572 (74 SE2d 833).

■ The second specification of error asserts that it was error to deny the appellant's written motion to continue on October 5, 1965. In this motion it was contended that the appellee's amendment to her cross action for alimony, in which she prayed for a divorce, had been disallowed by the judge, and that, since no action for divorce was pending, the judge should not enjoin the appellant from prosecuting a divorce action pending in the state of Texas, and should not proceed with the trial of the case in Fulton County on October 5, 1965. The oral statement of the judge disallowing the appellee's amendment was rescinded by him on the next day, and by a written order the amendment was allowed. It was not error to deny the written motion to continue.

In Specification 7 error is assigned on the refusal to grant a continuance on the oral motion for continuance made on October 4, 1965. The trial judge granted a continuance until the next morning, but denied one beyond that date. The record shows that counsel for the appellant pleaded surprise as to the amendment of the cross action praying for a divorce and for additional property as alimony, and the inability of his client to attend the trial.

It appears from a colloquy between the judge and counsel for the parties, that the judge refused to continue the case until a date later than October 5 because the appellant had filed a divorce action in Texas against the appellee, which was set for hearing on October 5. Counsel for the appellant stated that he had not been authorized by his client to agree that if a continuance should be granted, his client would not proceed with his divorce action in Texas. The judge did not abuse his discretion in refusing to continue the case more than one day.

■ Specification 6 complains of the denial of a motion for mistrial by the appellant. The pages of the transcript referred to show that this motion was based on three grounds: (1) The appellee testified "as to what Dr. Wright earned by sworn testimony in this court." (2) Counsel for the appellee continually

asked questions calling for hearsay evidence. (3) The question "about the purported divorce in Florida would prejudice the right of Dr. Wright in that he is not here to answer for that at all."

All of these matters related to objections to the evidence. The judge had previously ruled that hearsay testimony was inadmissible, unless it came within some exception to the rule, and had instructed the jury that hearsay testimony has no probative value. None of the grounds of the motion required the grant of a mistrial.

■ Specification 8 asserts that the judge should have ordered a mistrial on his own motion because of improper remarks of counsel for the appellee as follows: "If you give us $10,000 a month, we couldn't collect it because Texas has no alimony laws. We go out there, it would be a waste of time." The judge, on his own motion, told counsel that the matter was not in issue before the jury, and instructed the jury to disregard the remarks.

*Code* § 81-1009 provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." In *Joyner v. State*, 208 Ga..435 (2) (67 SE2d 221), it was held: "When improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel, during the trial, properly object to such argument or invoke some ruling or instruction with reference thereto by the court. A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." There is no merit in this assignment of error.

■ Specifications 9 and 11 assert that it was error to charge the jury on divorce, since the appellant dismissed his petition for divorce, and neither the appellee's original cross action, nor

any amendment, including the amendment of October 1, 1965, prayed for a divorce. This latter assertion is contrary to the record. In the amendment of October 1, 1965, we find: "Defendant amends her prayer to her original cross suit and answer heretofore filed and served on plaintiff, by adding thereto the following: 'That defendant, Mrs. Doris Chancey Wright be granted a total divorce, a vinculo matrimonii, as by law provided.' " It was proper for the judge to charge the laws pertaining to divorce.

■ The tenth assignment of error asserts: "That the court erred in failing to announce at the conclusion of the charge that counsel could except to the charge or giving counsel an opportunity to except." Counsel is presumed to know the provisions of law, and it is not necessary that the judge announce that counsel could except to the charge under Ga. L. 1965, pp. 18, 31, as amended by Ga. L. 1966, pp. 493, 498. It does not appear from this assignment of error, and the contentions of counsel in his briefs, that he claims that he was denied the right to except to the charge.

■ In Specification 14 it is asserted that: "The court erred in restraining and enjoining Dr. C. B. Wright from giving his deposition after he moved to Texas to develop evidence relative to his earnings and ability to pay alimony."

The notice to take depositions to which reference is made is dated February 20, 1962. It was apparently made in connection with an application by the appellee to hold the appellant in contempt of court for failure to pay temporary alimony, since the judge's order restraining him from taking depositions (because of the hardship on the appellee in requiring her to travel to the State of Texas and to employ counsel in that state, when the appellant had failed to pay temporary alimony awarded) also ordered him to show cause on a date set why he should not be adjudged in contempt for failure to pay alimony.

An application to hold a husband in contempt for failure to pay alimony is a separate proceeding, and an order entered in that proceeding must be reviewed, if review is desired, by appeal from the judgment in that proceeding. The appellant in an appeal from a judgment for divorce and alimony can not assign error on orders entered in a contempt proceeding.

■ The assignment of error enumerated as 15 contends that it was error to admit certain testimony of the appellee over the objections that it was speculative and hearsay. The pages of the transcript of evidence referred to in this assignment of error reveal that the testimony objected to was ruled out by the judge. This is also true as to the testimony complained of in assignment 17, which was objected to on the ground that it was a conclusion.

■ In assignment 16 it is asserted that it was error to over-rule the objection to the following testimony by the appellee: "Q. Do you know what he is capable of earning now? A. He is capable of earning 50 or $60,000 a year." Counsel objected to this testimony on the ground that "if she hasn't seen him sometime in Texas, she wouldn't know what his capabilities are out there." The judge instructed the jury that the testimony was not allowed for the purpose of showing what the appellant actually made at the time of the trial, but merely as the opinion of the appellee, the weight and credit to be given her testimony as to capabilities being a question of fact for the jury to determine, based on all of the facts of the case.

The appellee had previously testified that she had been married to the appellant twenty-six years at the time his divorce petition against her was filed, that he had attended medical school during the time that they were married, and she testified in regard to his extensive surgery practice during the latter years of their marriage. It was not error to allow her to express her opinion as to his earning capability, over the objection made.

■ Assignment 18 contends that it was error to award additional attorney's fees of $2,500 as temporary alimony after a verdict for divorce and permanent alimony had been rendered, and that such award was void because attorney's fees of $1,000 had already been awarded at the hearing on temporary alimony.

The record shows that the judge entered an order before the jury retired to consider the case in which he expressly retained jurisdiction to make an additional award of attorney's fees after verdict, reciting that "said Walter W. Aycock having requested a hearing on said motion for award of attorney's fees to himself herein, and this case having been declared on trial October 4,

1965, and all non-jury features of the case being considered and heard by the court on October 4, 1965, prior to impanelling the jury." This order indicates that the hearing on additional attorney's fees was prior to the verdict in the case. No error is shown by this assignment of error. *Hobbs .v. Hobbs*, 158 Ga. 571 (2) (123 SE 891); *Luke v. Luke*, 159 Ga. 551 (1) (126 SE 374).

■  The first error enumerated is the denial of the appellant's motion for new trial, and its dismissal. The order dismissing the motion indicates that the dismissal was based on the fact that the amendment to the motion for new trial was never presented to the trial judge for approval. It was further stated in the order that the judge was of the opinion that the grounds of the motion, if in proper form, were not sufficient to grant a new trial. Sections 3 and 16 (a) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 20, 30; *Code Ann.* §§ 6-801, 70-301) provide that the grounds of a motion for new trial need not be approved by the court. We will therefore deal with the motion as if denied by the trial judge rather than dismissed.

Most of the grounds of the motion for new trial are included in the enumeration of errors previously considered. The entire testimony in the case was given by the appellee on direct and cross examination. A consideration of this evidence shows that the general grounds of the motion for new trial are without merit. The other grounds of the motion, which were not specified as error in the enumeration of errors, have been examined, and they are without merit.

*Judgment affirmed. All the Justices concur.*