### 24136. DOBSON v. DOBSON.

Argued June 14, 1967—Decided June 22, 1967.

*Zachary & Hunter, John C. Hunter,* for appellant.

*Harold B. Thompson,* for appellee.

ALMAND, Presiding Justice. Mrs. Annette Green Dobson, appellee, filed her petition for divorce, permanent alimony and attorney's fees. William J. Dodson, the husband and appellant, in his answer alleged cruel treatment and adulterous conduct on the part of his wife and prayed that he be granted a total divorce. On the trial of the case before the court and a jury, the wife amended her petition and prayed that she be awarded the sum of $3,000 as attorney's fees "and that the court make such award prior to the rendition of the verdict by the jury." On March 23, 1967, the jury returned a verdict and a judgment was entered thereon granting a total divorce to the appellant husband. On March 27, 1967, the appellant filed a motion to dismiss the application for attorney's fees on the ground that no hearing was had on such application prior to the return of the verdict and the entry of the judgment. Appellant contended that under the ruling in *Hewlett v. Hewlett,* 221 Ga. 349 (144 SE2d 512) the court was without jurisdiction to entertain this application. The court overruled the motion to dismiss and on March 29, 1967, after hearing evidence awarded the appellee $1,000 attorneys' fees. Error is assigned on both of these orders.

In *Hewlett v. Hewlett,* 221 Ga. 349, supra (one Justice not participating), this court held that the trial court had no authority to award additional attorney's fees where during the trial of a divorce case counsel for the wife stated in open court he wished

to be heard on the question of additional attorney's fees and expenses of litigation, whereupon the court stated: "All right, we will let the record show that you're reserving that right and after the matter goes to the jury, then we will take that matter up," but no hearing was had thereon until after the verdict and decree. In that opinion it was stated: "An application for additional attorney's fees and certain expenses of litigation was made by counsel for the wife prior to verdict and the court postponed a hearing on the application until the jury retired but not until after the rendition of a verdict granting a divorce. In these cirmumstances, we hold that the general rule which divests the court of jurisdiction to hear .and pass on an application for attorney's fees and expenses of litigation is applicable." The full bench decisions in *Luke v. Luke,* 159 Ga. 551 (126 SE 374) and *Phillips v. Phillips,* 146 Ga. 61 (90 SE 379) were cited in support of this ruling. See *Grantham v. Grantham,* 222 Ga. 577 (151 SE2d 129). The ruling here is not contrary to the full bench decision in *Wright v. Wright,* 222 Ga. 777 (152 SE2d 363). There the judge entered an order prior to verdict in which he retained jurisdiction for making an additional award of attorney's fees after the verdict, and a hearing was had on this request prior to the trial of the case.

It appears without dispute that although appellee's application for attorneys' fees was presented to the judge before verdict by the jury, a hearing on the matter was not had until after verdict. Thus, the court had no authority to award attorney's fees, and it was error to deny the appellant's motion to dismiss the application for attorney's fees and thereafter to award attorney's fees to the appellee.

*Judgment reversed. All the Justices concur.*