26711. BICKFORD v. BICKFORD.

SUBMITTED SEPTEMBER 16, 1971—DECIDED NOVEMBER 5, 1971—
REHEARING DENIED NOVEMBER 18, 1971 AND
DECEMBER 16, 1971.

*J. Ralph McClelland, Jr., Wayne Jernigan,* for appellant.
*Westmoreland, Hall & Bryan, Harry P. Hall, Jr., J. M. Crawford,* for appellee.

GRICE, Justice. This is a divorce and alimony proceeding in which the appellant wife enumerates as error the following: (1) the trial court's injunction prohibiting collection of her temporary alimony award; (2) an order with reference to the record upon the appeal; and (3) the denial of her amended motion for new trial.

A divorce suit was filed by Richard Lewis Bickford in the Superior Court of Fulton County against Betty Lewis Bickford upon the ground of cruel treatment. The wife instituted a counterclaim seeking permanent and temporary alimony for herself and their four minor children pursuant to a previous judgment in the State of Florida awarding their custody to her.

The litigation in Florida between these parties had resulted in a separation agreement as to property division and child support being made the judgment and decree of the Florida court. The decree also provided that the matter of alimony for the wife was reserved until a later date and that she might petition the court at such time as she desired for alimony.

In response to the wife's counterclaim to his divorce suit in Fulton County, the husband moved to strike those portions of her complaint requesting temporary and permanent alimony and attorney's fees. This motion was subsequently denied on the ground that the Florida decree was entitled to full faith and credit in this state. By another order the wife was awarded custody of the children, child support and other stated provisions in accordance with the Florida decree, and $150 a month as temporary alimony. The child

support is not in issue on this appeal.

When the instant case was called for trial the wife moved for a continuance upon grounds to be referred to hereinafter. The motion was denied.

Upon the trial the jury returned a verdict granting the husband a divorce. It also awarded alimony to the wife as detailed later.

Judgment was entered accordingly.

Thereafter the wife filed a motion for new trial which asserted the general grounds.

While the motion was pending, the trial court enjoined garnishment proceedings by which the wife was attempting to collect instalments of her temporary alimony which were in arrears.

Subsequently, the motion for new trial was amended to include five grounds to be referred to hereinafter. This motion was denied.

Upon appeal to this court, additional portions of the record relating to the amended motion for new trial were ordered to be transmitted.

■ As we appraise it, the enumeration complaining of the injunction prohibiting the wife from collecting instalment payments of temporary alimony through garnishment proceedings is valid.

The fact that the final judgment rendered had not awarded to the wife periodic payments of permanent alimony is not ground for not requiring the husband to continue the temporary alimony payments pending final determination of the case.

With respect to this, this court has held that "Where a judge, in the exercise of his discretion, has fixed and allowed temporary alimony pending the cause for divorce and alimony or for permanent alimony, the right to the amount allowed becomes absolute until the final determination of the cause, unless in the meantime the allowance be revoked or modified by the judge. *Gibson v. Patterson*, 75 Ga. 549 (2)." *Aud v. Aud*, 199 Ga. 714 (2) (35 SE2d 198). See also *Brown v. Brown*, 224 Ga. 90 (160 SE2d 343).

Also, "a judgment for temporary alimony continues in full force and effect until a final judgment in the case, until the termination of the litigation in all courts, and as long as the case is pending, including litigation in the Supreme Court. [Citations]. The judgment cannot be treated as final so long as either party has the right to have it reviewed by the Supreme Court. [Citation]." *Chlupacek v. Chlupacek,* 226 Ga. 520 (3) (175 SE2d 834).

In the situation here the award of temporary alimony was not modified or revoked. It continued in force so as to authorize its collection.

■ The enumeration with reference to the necessity of additional record relating to the amended grounds of the motion for new trial will not be passed upon. That issue is moot since the record desired is now on file in this court.

■ We now consider the enumerations complaining of the denial of the wife's amended motion for new trial.

(a) One ground claims that the court erred in refusing to grant the wife's request for a continuance of the trial for at least two weeks. This request was based upon her counsel's illness and physical injuries, absence of a material witness and the existence of unanswered interrogatories served upon the husband.

We find no abuse of discretion as to this feature. The court rescheduled trial of the case for six days later. From the transcript of the trial proceedings, it is apparent that the wife's attorney provided very effective representation. We therefore conclude that the wife was not harmed by the failure to grant the two weeks postponement.

The other two grounds for continuance were not argued in this court and are deemed to have been abandoned.

(b) A consideration of the evidence requires the conclusion that while the testimony is conflicting in several particulars, the verdict is amply supported by the evidence, and therefore the general grounds of the motion for new trial are not meritorious.

Insofar as the award of the divorce to the husband is concerned, there was sufficient evidence that the separation

was the result of the wife's cruel treatment. There was testimony as to her nagging, fussing and harassing the husband, particularly as to his business acquaintances and the conduct of his business, and of her accusing him of infidelity and insisting that he was mentally ill.

As to the award of alimony, there was sufficient evidence to sustain the jury's award, taking into consideration the needs of the wife and the husband's ability to pay.

(c) Another ground contends in essence that when the husband testified on the issue of the cause of the separation, he stated that his relationship with a named divorcee was business-connected and that he had no intention of marrying her, whereas an attached certificate of marriage of the husband and this woman shortly after the trial shows that the real cause of the separation was their improper relationship, not the wife's cruel treatment.

This ground cannot be sustained. The newly discovered evidence relied upon here is merely impeaching in character. It seeks to discredit the husband's testimony as to the relationship existing between him and the other person. See *Code* § 70-204.

(d) One of the grounds relates to the husband's contention that the wife's alleged cruel treatment interfered with his business, resulting in his being asked to leave. Attached to this ground is an affidavit of one of his former business partners. The affidavit recites that the cause of this was disagreement between the husband and the other partners and that the wife's alleged interference had nothing to do with it.

This evidence is likewise merely impeaching in character in regard to the husband's testimony on this subject. It is prohibited by *Code* § 70-204, supra.

Furthermore, for the same reason, this affidavit cannot be considered on the issue of the husband's finances in determining alimony. The facts and figures which it provides seek to contradict the husband's testimony as to this.

This ground is not meritorious.

(e, f) Two of the grounds relate to the content of the

verdict and may be treated together.

In substance, the verdict granted the husband a divorce, and as alimony for the wife awarded her their home, the personal property therein, an automobile and other property in Rochester, Minnesota. The husband was ordered to keep in force certain life insurance policies. The verdict also recited that the wife "retain the right to petition the court for cash alimony at a later date."

One ground avers that the verdict was not reached in accordance with sound legal principles and upon proper consideration of the evidence and charge of the court. It urges that the verdict was the result of other considerations and that it was rendered in ignorance of the fact that the jury's intentions with reference to it could not be legally carried out, all as shown by an attached affidavit of the forewoman of the jury.

The other ground of the motion urges that for this reason the verdict and judgment based thereon are contrary to law and should be set aside.

The affidavit, insofar as necessary to recount here, recited how the jury arrived at their verdict as to both divorce and alimony. It averred that the jurors were of the opinion that the husband had great potential for increased earnings in the future and that the wife should have the right to reapply for modification and revision and for regular monthly payments at some time in the future. It stated further that in returning the verdict they expressed that view but were not aware of the rule of law that unless they awarded the wife some amount of alimony to be paid in monthly or other instalments, she would have no such right of re-application in the future. The affidavit declared that if the jurors had been aware of this they would have awarded the wife some amount of monthly alimony to be paid in cash.

As we view this affidavit, it seeks to show that the verdict was reached as the result of a mistake of law. However, no request for further instruction was sought by the jury as to this feature and the charge which the court gave was full and correct.

This constitutes an attempt of a juror to impeach the verdict. This cannot be done. *Code* § 110-109 provides that "The affidavits of jurors may be taken to sustain but not to impeach their verdict." The affidavit here cannot be said to sustain that verdict. This is a plain example of an attempt by one juror to impeach the verdict of the twelve. To relax this salutory rule would erode the stability of trial by jury and the finality of litigation.

For these reasons this ground is not maintainable.

In consideration of the foregoing enumerations of error we conclude that the trial court was in error in enjoining the collection of the temporary alimony, but was correct in denying the amended motion for new trial.

*Judgment reversed as to injunction; affirmed as to motion for new trial. All the Justices concur, except Hawes, J., who concurs specially.*

HAWES, Justice, concurring specially. I concur in the judgment of affirmance in this case, but not in the rulings made in Division 3 of the opinion with respect to grounds referred to as (e) and (f) of the motion for a new trial. I do so solely because of the full-bench ruling of this court in the case of *Zuber v. Zuber,* 215 Ga. 314 (1) (110 SE2d 370), which, I think, renders unnecessary a decision at this time on the issues sought to be presented by those grounds of the motion. In her amended answer, plaintiff embodied a counter-claim for temporary and permanent alimony together with an appropriate prayer or demand that she "be awarded a reasonable amount out of the property and earnings of the plaintiff as alimony, both temporary and permanent, for her own support and maintenance." Her amendment seeking this relief was filed on November 13, 1969. In the final judgment and decree entered on April 28, 1970, the trial court followed the verdict of the jury in its judgment by incorporating therein the provision that "the court retains jurisdiction of this matter for the purpose of determination of the wife's entitlement of alimony in the future." I recognize that the jurisdiction of the court to award permanent alimony is lost where no proceeding to

recover the same is commenced prior to the entry of a valid judgment of divorce and that jurisdiction of the subject matter of a suit for permanent alimony is dependent on the existence of the marital relation at the time the action is instituted. However, these rules do not bar the defendant from being awarded alimony in this case because at the time she instituted her action for alimony the marital relation had not been severed. In the *Zuber* case, this court, speaking through Justice Mobley, quoted with approval from 27A CJS 1024, § 231, as follows: "Alimony may be granted after a decree of divorce, if the right to have it subsequently determined is reserved therein, provided application therefor is made before the action has become stale." There, as in this case, the wife had instituted her action for alimony before the divorce became final, and in the divorce decree rendered on September 28, 1953, the court, in language not substantially different from that embodied in the decree in this case, retained jurisdiction and reserved until "a later date" the question of permanent alimony and support. His right to thereafter, on December 5, 1953, render a judgment for permanent alimony was upheld. Certainly, the action had not become stale in this case when the defendant applied for permanent alimony. The evidence adduced on the trial of this case was ample to authorize the award of some amount of money as periodic payments of alimony to the wife and no new hearing need be had or additional evidence received before such an award is made. See *Dobson v. Dobson,* 223 Ga. 432 (156 SE2d 72), and cits. The plaintiff husband not having objected to the form of the verdict at the time it was rendered thereby consented to the trial judge passing on the issue of what amount of alimony should be awarded at a later date. We need not decide at this time if the defendant should fail to invoke a ruling of the trial court granting her some amount of permanent alimony until after the judgment of this court becomes final whether she would be barred under the principles of laches. In my view, she still may invoke such a judgment from the

trial court, and this court should mold its opinion and judgment so that they may not be construed to bar that right.