## 27179. BICKFORD v. BICKFORD.

Nichols, Justice. This is the second appearance of this case before this court. On the first appearance (*Bickford v. Bickford*, 228 Ga. 353, 357 (185 SE2d 756)), it was held that a verdict in a divorce action which awarded the wife

described property as permanent alimony but which included no provision for periodic payments of alimony to her, although it sought to preserve her right to later apply for periodic cash payments of alimony, was not subject to being set aside and a new trial granted upon the ground ". . . that the verdict was the result of other considerations and that it was rendered in ignorance of the fact that the jury's intentions with reference to it could not be legally carried out, . . . [and that] for this reason the verdict and judgment based thereon are contrary to law and should be set aside." *Bickford v. Bickford,* supra, p. 358. After the judgment overruling the motion for new trial was affirmed by this court, the wife, appellant in the present case, filed an "application for award of permanent alimony," which was dismissed upon the motion of the former husband. The appeal is from this judgment. *Held:*

1. Under decisions exemplified by *Aetna Cas. &c. Co. v. Bullington,* 227 Ga. 485 (181 SE2d 495), the divorce decree was final before the application for permanent alimony was filed, and the trial court, under such circumstances, is without authority to reopen the divorce case to permit the wife to seek periodic payments of alimony unless the decree is one permitting such issue to be considered again.

2. The provisions of the Act of 1955 (Ga. L. 1955, pp. 630, 632) as amended (*Code Ann.* § 30-220 et seq.) do not authorize a modification of the original decree inasmuch as the husband was not required by the original decree to make periodic payments (*Code Ann.* § 30-222), but to the contrary, the original verdict and decree sought merely to retain the right to order periodic payments in the future.

3. Except as to those cases which come within the provisions of the Act of 1955, supra, the law as it existed prior to the adoption of such Act controls in cases where the modification of an alimony decree is sought, and the general rule is that a decree awarding permanent ali-

mony cannot be modified or revised by the trial judge after the final decree has been rendered. The exception is only where ". . . (1) there was no jury trial as to permanent alimony, and the question of permanent alimony was disposed of by agreement of the parties incorporated in the decree and made the judgment of the court; and (2) the power to change or modify the decree was reserved to the court by consent of the parties. *Hardy v. Pennington,* 187 Ga. 523 (1 SE2d 667); *Banda v. Banda,* 192 Ga. 5 (14 SE2d 479); *Breen v. Breen,* 208 Ga. 767 (1) (69 SE2d 572)." *Fricks v. Fricks,* 215 Ga. 137 (1) (109 SE2d 596). See also *Zuber v. Zuber,* 215 Ga. 314 (110 SE2d 370); *Daniel v. Daniel,* 216 Ga. 567 (118 SE2d 369).

The instant case was tried by a jury and does not meet the requirement that the parties must have consented to the future modification of the alimony award. The failure of the husband to appeal from the language in the verdict and decree is not sufficient to show that this was with his consent. See *Daniel v. Daniel,* supra.

The trial court did not err in sustaining the motion to dismiss.

*Judgment affirmed. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

SUBMITTED MAY 9, 1972—DECIDED JUNE 15, 1972.

*J. Ralph McClelland, Jr.,* for appellant.

*Westmoreland, Hall & Bryan, Harry P. Hall, Jr., J. M. Crawford,* for appellee.

GUNTER, Justice, dissenting. I am of the opinion that the trial court committed error in dismissing the former wife's application for an award of permanent alimony in this case, and I would reverse the judgment of the trial court.

This court has previously affirmed a judgment between these same parties relative to divorce and alimony (228 Ga. 353 (185 SE2d 756)). However, as I read this court's decision in that case, the former wife is not now precluded from bringing an application for permanent alimony against her former husband.

In *Bickford I* the verdict of the jury awarded the wife certain property and then provided that the wife "retain the right to petition the court for cash alimony at a later date." The decree followed the verdict of the jury in this respect by saying "the court retains jurisdiction of this matter for the purpose of determination of the wife's entitlement of alimony in the future."

While it is true that two of the grounds of the motion for new trial in *Bickford I* contended that these provisions of the verdict and the decree could not be legally carried out out, and this court held these two grounds to be without' merit, the fact that this court found them to be without merit did not and does not amount to a positive adjudication that these provisions of the verdict and the decree could not and can not be legally carried out. The special concurring opinion of Mr. Justice Hawes in *Bickford I* makes this quite clear.

I am of the opinion that the Georgia Modification Statute (*Code Ann.* §§ 30-220 through 30-225.1), permits the jury in its verdict and the trial judge in his decree to do exactly what was done in this case when initially tried.

*Code Ann.* § 30-222 provides as follows: "Such an application, as hereinbefore authorized, can be filed only where the husband has been ordered by the final judgment in an alimony, or divorce and alimony suit, to pay permanent alimony in weekly, monthly, annual or similar periodic payments, and not where the wife, or child or children, or both, have been given an award from the corpus of the husband's estate *in lieu of such periodic payment.*"

When this case was tried the jury awarded the wife certain property, it did not award her a cash periodic payment of alimony, but it did provide that the wife shall "retain the right to petition the court for cash alimony at a later date." This latter provision made it crystal clear that the award of property to her was not "in lieu of such periodic payment" so as to prohibit her from thereafter filing an application for periodic cash payments of alimony by her former husband. What she was awarded was not "in lieu of

periodic payments," and whether she should be awarded periodic payments was reserved for future determination by both the verdict and the decree of the court.

The Georgia Modification Statute should not be interpreted to prohibit the award of periodic alimony payments unless the jury or the trial judge plainly said, in substance: "You can't have periodic alimony payments . . . you are awarded property in lieu of such periodic payments."

The construction that I place on the Georgia Modification statute is, to my mind, completely in accord with this court's decision in *Zuber v. Zuber*, 215 Ga. 314 (110 SE2d 370), as pointed out by Mr. Justice Hawes in his special concurrence in *Bickford I.*

The former wife's application for permanent alimony in periodic payments should not have been dismissed. I would reverse the judgment of the trial court.

I respectfully dissent.

I am authorized to state that Justice Hawes joins me in this dissent.