A06A2234. GF/LEGACY DALLAS, INC. v. JUNEAU CONSTRUCTION COMPANY, LLC.
(637 SE2d 511)

PHIPPS, Judge.

Juneau Construction Company, LLC (Juneau) filed a complaint against GF/Legacy Dallas, Inc. (Legacy) along with a motion for stay of the lawsuit pending arbitration. Legacy failed to answer the complaint under the belief that it was not required to do so. While the dispute was being mediated prior to arbitration, Juneau obtained a default judgment against Legacy. We granted Legacy's application for discretionary appeal of an order of the trial court denying Legacy's motions to set aside the default judgment and open its default. For

---

reasons that follow, we reverse the court's denial of Legacy's motion to set aside the default judgment and vacate the denial of Legacy's motion to open the default.

Legacy owns real property in Dallas, Georgia, known as The Legacy at Dallas (The Legacy). Legacy entered into a contract with Juneau pursuant to which Juneau furnished labor and material for construction of improvements to The Legacy. The contract contains a clause providing that any claim arising under the contract shall be subject to arbitration and that, prior to arbitration, the parties shall endeavor to resolve disputes by mediation. A dispute arose between Legacy and Juneau regarding payment for work performed, and Legacy began withholding payments to Juneau. Shortly thereafter, Juneau filed a claim of a mechanics' and materialmen's lien in the amount of $189,216 against The Legacy. Juneau then filed a demand for arbitration with the American Arbitration Association (AAA) and sent a copy of the demand to Legacy.

At about the same time, Juneau filed a complaint against Legacy in the Superior Court of Fulton County to recover $234,216 for materials and labor, along with other damages. Juneau sought recovery of damages on theories of breach of contract, violation of the Prompt Pay Act, quantum meruit, and lien foreclosure. Simultaneously with filing the complaint, Juneau moved for a stay of the lawsuit pending arbitration. In its brief in support of the motion, Juneau acknowledged that arbitration was required under the parties' contract and stated that it had filed the suit "only to preserve its claim of lien."[1] Juneau served Legacy with the complaint and summons. No order was entered on the motion for stay.

Believing that the arbitrator acquired jurisdiction over the dispute, Legacy did not respond to the complaint or motion for stay. Subsequent to the filing of the demand for arbitration, the parties were in contact with each other and the AAA to coordinate the scheduling of arbitration proceedings. The AAA stayed arbitration so that the parties could first attempt to resolve the dispute through mediation. While mediation was being scheduled, Juneau's attorney contacted counsel for Legacy and asked whether Legacy would agree to an order staying the lawsuit until the conclusion of mediation and arbitration. Counsel agreed and asked Juneau's attorney to prepare a consent order.

Instead, after an untranscribed hearing before the Superior Court of Fulton County, Juneau obtained a final default judgment against Legacy in the principal amount of $234,216, plus $8,215.50 in

---

[1] See OCGA § 44-14-361.1 (a) (3).

attorney fees and other damages, for a total sum of $263,510.94.[2] During settlement negotiations held several weeks later, and later again at another mediation session, Juneau's president informed Legacy's president that Juneau had obtained a default judgment against Legacy. Juneau then sought to withdraw its demand for arbitration. On objection by Legacy, the AAA refused to let Juneau withdraw its arbitration demand and ordered the arbitration to proceed while allowing Juneau to reassert its withdrawal request before the arbitrator.

Legacy subsequently filed motions to set aside the default judgment under OCGA § 9-11-60 and to open the default under OCGA § 9-11-55 (b). The court denied the motion to open the default as procedurally inappropriate because a final judgment already had been entered. The court denied Legacy's request for relief from the default judgment under OCGA § 9-11-60 (d) (2), which authorizes a judgment to be set aside based upon "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." The court ruled that Legacy's inexcusable failure to answer the complaint foreclosed the court's ability to grant its request for relief from the judgment.

Undisputably, the parties' construction contract involved interstate commerce, as do most others, and is therefore governed by the Federal Arbitration Act ("FAA").[3] Section 3 of the FAA

> provides in applicable part, that "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[, providing the applicant for the stay is not in default in proceeding with such arbitration]." In applying Sections 3 and 4 of the [FAA], the United States Supreme Court has found that where there are issues subject to arbitration, "(b)y its terms, the (FAA) leaves no place for the exercise of discretion by a [trial] court, but instead mandates that [trial] courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[4]

---

[2] Juneau states that at the hearing the court rejected its proposed consent order and instructed its attorney to submit a proposed default judgment.

[3] 9 USC § 1 et seq.; see *Krut v. Whitecap Housing Group*, 268 Ga. App. 436, 439-440 (1) (602 SE2d 201) (2004).

[4] Id. at 442-443 (2) (c) (citation omitted; emphasis in original).

Unquestionably, the issue involved in this suit was referable to arbitration under the parties' agreement. And when Juneau sought the stay, it was not in default in proceeding with the arbitration.[5] Therefore, the superior court was required to stay the trial of the action once Juneau filed its motion for a stay of the lawsuit. Although the nomenclature of Juneau's motion (for stay of the lawsuit) might reasonably have led Legacy to believe that it did not have to file an answer, it would appear that under the FAA entry of a stay (of the trial of the action) would not have such effect. Nonetheless, stay of either the lawsuit or the trial would deprive the court of the authority to conduct a default hearing or enter a final default judgment. The court, therefore, erred in denying Legacy's motion to set aside the default judgment.[6] The trial court's denial of that motion is thus reversed. And because Legacy's motion to open its default will be moot if the dispute in this case is resolved through arbitration, the court's ruling on that motion was premature. Consequently, the court's denial of Legacy's motion to open its default is vacated.

*Judgment reversed in part and vacated in part. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 19, 2006 — 

*Smith, Currie & Hancock, Philip L. Fortune, Ramsey Kazem,* for appellant.

*Shapiro Fussell, J. Ben Shapiro, Jr., Edward A. Stone,* for appellee.

---

[5] See *Ivax Corp. v. B. Braun of America,* 286 F3d 1309 (11th Cir. 2002).

[6] See generally *Buxton v. Hooker,* 214 Ga. 271, 272 (1) (104 SE2d 437) (1958); see also *Cheuvront v. Carter,* 263 Ga. App. 837 (589 SE2d 609) (2003) (default judgment properly set aside where plaintiff's counsel led defendant to believe that case was resolved); compare *Conseco Finance Servicing Corp. v. Hill,* 252 Ga. App. 774, 779 (4) (556 SE2d 468) (2001) (defendant waived arbitration where plaintiff had not moved for a stay of the litigation, and defendant failed to answer the complaint and did not invoke arbitration clause of parties' agreement until moving to set aside default judgment).