## RAINES *v.* RAINES.

1. A judgment for temporary alimony payable in stated monthly sums until the application for permanent alimony is determined may be enforced by execution after the grant of permanent alimony.

2. Where a judgment for temporary alimony is for a certain sum for each month, payable monthly, an execution may be issued in a gross sum for the aggregate amount due at the time of its issuance. If subsequent installments are not paid, another execution may issue for the amount accruing since the date of the issuance of the former execution; but the latter execution may not include the sum embraced in the former. The inclusion of the entire amount in the second execution does not vitiate the process; it amounts to an irregularity which is amendable.

3. The issuance of the second execution and causing it to be entered on the execution docket, within seven years of the accrual of any installment properly included therein, prevents dormancy for a period of seven years after its issuance, without further entry.

4. An oral agreement that a wife will not claim alimony, made pending the proceeding for alimony and divorce, and before the grant of alimony, can not be asserted as a defense to the collection of the judgment for alimony.

5. A description of the judgment in an affidavit for garnishment based on a judgment is sufficiently definite, if the parties, the amount, and the court which rendered the judgment are given.

6. One to whom alimony has been awarded may avail herself of any proper legal remedy for the enforcement of her judgment, and to that end may cause successive garnishments to be served on the employer of the defendant, to subject his salary payable monthly, which is subject to garnishment. The probability of the defendant's loss of employment because of the annoyance to his employer occasioned by the service of summons of garnishment furnishes no ground for enjoining the garnishment proceedings.

7. There is nothing in the pleadings looking to a modification or revocation of the alimony judgments, and the court erred in granting an injunction against their enforcement by process of garnishment.

OCTOBER 16, 1912.

Injunction. Before Judge Bell. Fulton superior court. April 1, 1912.

*Moore & Branch,* for plaintiff in error. *W. A. Fuller,* contra.

EVANS, P. J. This is an equitable action by Robert T. Raines against Leonora S. Raines, to enjoin the enforcement of certain judgments by process of garnishment, on the ground of their alleged illegality, and because the defendant was not using the process of garnishment in good faith for the collection of any debt which the plaintiff might owe her, but for the purpose of harrassing him, and causing him to remove from the city of his residence. The court granted an injunction upon terms, and the defendant excepted.

1. The defendant is the divorced wife of the plaintiff. She instituted an action for divorce against her husband, claiming alimony, temporary and permanent. On October 13, 1900, and pending the action for divorce, she was granted a judgment for temporary alimony, for the sum of $30 monthly from that date until the question of permanent alimony was heard and determined. A final decree was rendered on May 11, 1904, granting a total divorce between the parties, and permanent alimony in the sum of $20 per month for the period of three years was awarded to the plaintiff. An execution on the judgment for temporary alimony for $900 was issued on April 10, 1903; and on January 27, 1906, an execution was issued upon the same judgment for the sum of

$1,300. This latter execution was duly entered. on the execution docket. On the same date an execution was issued upon the judgment for permanent alimony for the sum of $400, to cover the amount then due.

One of the contentions of the defendant in error is that an execution based upon a judgment allowing temporary alimony, made pending a divorce action, can not be issued at a time subsequent to the final decree in the divorce case, without a special order of court for that purpose. We do not agree to this contention. A judgment for temporary alimony is enforceable by execution, which may issue upon a judgment at any time within the period of limitation. Civil Code, § 6020; *Coulter* v. *Lumpkin,* 94 *Ga.* 225 (21 S. E. 461).

2. The second execution issuing on the judgment for temporary alimony is alleged to be void for the reason that it included a sum for which an execution had previously issued. Where a judgment provides for the payment of stated sums at stated times, an execution may issue for each sum as it severally matures, or an execution may issue in gross for the sum due at ˙the time of its issuance, but only one execution can issue for the same sum. It was not proper, therefore, to include in the second execution the amount embraced in the first execution. The inclusion of the entire amount in the second execution did not vitiate the process; it was only an irregularity. An execution may be amended so as to conform to the judgment from which it issued, and such amendment shall in no manner affect its validity. Civil Code, § 5698.

3. The point is not made in the record as to the time when the statute begins to run against a judgment for stated amounts payable at successive future intervals; whether the statute begins to run against the judgment from the date of its entry or from the time the last installment matures, or whether each installment is to be treated as a separate judgment so far as the statute of limitations is concerned. Whatever may be the rule on this subject, it is clear that the second execution based upon the temporary-alimony judgment is not dormant. It was issued within seven years of the date of the judgment and duly entered upon the execution docket, and the garnishment proceedings were instituted within seven years of the issuance of the execution. A judgment upon which an execution has been issued and placed upon the

execution docket within a period of seven years from the date of the rendition of the judgment does not become dormant within seven years after the issuance of the execution. *Easterling* v. *New Home Sewing Machine Company,* 115 *Ga.* 305 (41 S. E. 595). So that neither the second execution for temporary alimony nor the execution for permanent alimony was unenforceable because the judgments upon which they were based were dormant.

4. The defendant in error set up, as a defense why the executions should not be enforced against him, that when the divorce proceedings were pending between him and the plaintiff it was agreed that, in consideration of his wife's taking certain personal effects, he would never be called upon to pay anything further by judgment or otherwise for temporary or permanent alimony. It is alleged that these personal effects were delivered by him to the wife. This agreement could properly have been urged against the allowance of alimony, but the defendant in those proceedings is now concluded by the judgment from setting up such defense.

5. It is alleged that the affidavits for garnishments do not disclose upon which judgments they are based. The record does not contain any copy of the affidavits, but the plaintiff's allegation, admitted by the defendant, alleges them to be on file in Fulton superior court, and that they are based upon a judgment rendered in that court between these parties; and as there is no contention that the bond was not given for the proper amount, and the statute requires the bond to be double the amount claimed, the inference is clear that the amount of the judgment is for half of the amount named in the bond. A description of the judgment in an affidavit for garnishment, based on a judgment, is sufficiently definite, if the parties, the amount, and the court which rendered the judgment are given. *Pope* v. *Hayes,* 30 *Ga.* 539; *Dunlap* v. *Hooper,* 67 *Ga.* 721 (3).

6. The foregoing disposes of all the alleged grounds of invalidity of the judgments and the garnishment proceedings. It was further alleged, as a reason why the plaintiff in error should be enjoined from collecting her judgments by garnishment proceedings, that she had sued out successive garnishments to the January, March, and May terms of Fulton superior court, and caused summons of garnishment in each instance to be served upon defendant in error's employers, who threaten to discharge him

forthwith unless the garnishments are stopped. A creditor may avail himself of any proper legal remedy for the collection of his debt; and though the consequences of such remedy may cause the debtor to lose his employment, that is no equitable ground for staying the creditor's remedy.

7. There is nothing in the pleadings looking to the modification .or revocation of the alimony judgments, and the court erred in granting an injunction against their enforcement by process of garnishment, upon the plaintiff giving a bond for a stated sum, conditioned to pay the defendant whatever sum may be finally recovered as permanent and temporary alimony.

*Judgment reversed. All the Justices concur.*