GORHAM *v.* GORHAM.

Where an order is granted upon a petition for temporary alimony, filed pending a divorce suit, for the payment in monthly instalments of certain designated sums as temporary alimony, and the husband fails to pay for several months preceding the decree granting a total divorce, the court having jurisdiction of the case has authority, in contempt proceedings instituted by a petition filed after the divorce decree, to enforce the payment of the instalments of alimony which the defendant has failed to pay.

No. 143.   DECEMBER 13, 1917.

Attachment for contempt. Before Judge Howard. Muscogee superior court. January 24, 1917.

*Ed. Wohlwender,* for plaintiff in error.

*W. H. McCrory,* contra.

BECK, P. J. Mrs. Gorham, upon application for temporary alimony, obtained a judgment against her husband, ordering temporary alimony to be paid in monthly instalments. Subsequently she obtained a decree of total divorce, but prior to the decree several months had elapsed in which the husband failed to pay the instalments of temporary alimony which he had been ordered by the court to pay; and Mrs. Gorham brought a petition against him, requiring him to show cause why he should not be punished as for contempt because of the failure to pay temporary alimony prior

28

to the divorce decree. The defendant resisted the petition, on the ground, among others, that after the granting of the divorce Mrs. Gorham was not entitled to enforce the judgment for temporary alimony by contempt proceedings, but could only enforce it by execution. The case was submitted to the court on the petition and answer, and the court passed an order requiring the defendant to be imprisoned for a designated period, unless he should pay to the plaintiff the sum of $40, the amount of the unpaid temporary alimony. This judgment is excepted to on the ground that the court was without authority to punish as for contempt because of the failure to pay temporary alimony, under a petition brought after the decree of divorce.

We are of the opinion that the court was vested with authority to enforce its order for temporary alimony, by punishing the defendant as for a contempt. In this State it is settled law that the payment of permanent alimony adjudged in a divorce decree may be enforced by attachment. *Van Dyke* v. *Van Dyke*, 125 *Ga.* 491 (54 S. E. 537). It was said in that case that "The power to enforce a decree for permanent alimony by attachment for contempt for failing to comply therewith belongs inherently to a court having jurisdiction of divorce suits." And in the case of *Lewis* v. *Lewis*, 80 *Ga.* 706 (6 S. E. 918, 12 Am. St. R. 281), it was said: "We are of the opinion that when a court directs the payment of alimony by a husband to his wife, it is a duty he owes, not only to his wife but to the public, to comply with the order; and if he fails to perform that duty, we see no reason why the court can not compel him to do so by an order of attachment, directing his imprisonment in the event of his failure to comply with the order." There is nothing in the record to show that the judgment for temporary alimony was merged into the final judgment taken in the divorce suit. In fact it is said by the defendant, the plaintiff in error here, that the judgment for temporary alimony should be enforced by execution. When the husband failed to pay the instalments of alimony which it had been adjudged that he should pay, unless this failure arose from his inability to pay or from some other cause that amounted to an excuse under the law for a failure to pay, he was guilty of a contempt of court; and the court could punish him as for a contempt, upon his continued neglect or refusal to pay according to the terms of the order previously granted. In the case of *Raines* v. *Raines*, 138 *Ga.* 790 (76 S. E.

51), it was said: "A judgment for temporary alimony payable in stated monthly sums until the application for permanent ali-, mony is determined may be enforced by execution after the grant of permanent alimony." The defendant in error here cites the case of *Jones* v. *Jones, 145 Ga.* 714 (89 S. E. 762). But the precise question raised in the present record was not made in the *Jones case.* In that case it was held that the court did not err in enforcing, by contempt proceedings, a previously granted order for the payment of temporary alimony, upon a petition filed subsequently to a decree of divorce between the parties. That, however, was not said in passing upon the exact point made in the present record, and we are basing this decision upon what is said in the other cases referred to and in part quoted above.

             *Judgment affirmed. All the Justices concur.*