## SNIDER *v.* SNIDER.

No. 11589. JANUARY 15, 1937.

*Casey Thigpen,* for plaintiff in error. *Randall Evans Jr.,* contra.

BECK, Presiding Justice. In September, 1935, Mrs. Katie B. Snider sued her husband, T. C. Snider, for divorce and temporary and permanent alimony and attorney's fees, later striking her prayer for divorce. At interlocutory hearing of an application for temporary alimony and counsel fees, the judge awarded $12 per month for the support of the wife and minor child, and $25 as fees. The husband excepted, and the judgment was affirmed. *Snider* v. *Snider,* 182 *Ga.* 592 (186 S. E. 562). Upon a petition for an attachment for contempt, brought by the wife against her husband for failing to pay temporary alimony, the judge, on a hearing, ordered payment of the arrearage of alimony by a named date, or that in default thereof the defendant be committed to jail. To this order the husband excepted, and the judgment was affirmed. *Snider* v. *Snider,* 182 *Ga.* 701 (186 S. E. 723). When the case came on for trial on the question of permanent alimony, while the jury were out considering the case, the plaintiff's attorney made an oral motion for an award of additional attorney's fees, which was objected to by defendant's attorney. The court

did not at that time pass on the motion. The jury returned a verdict awarding $6.50 per month for the minor child, but denied alimony to the wife, and the court entered an order accordingly. The wife excepted, and the judgment was affirmed. *Snider* v. *Snider*, 183 *Ga.* 229 (187 S. E. 861). After the motion for new trial was overruled and after the plaintiff's bill of exceptions in the last case was certified, which was more than sixty days after the verdict and judgment denying alimony to the wife, the judge, on July 24, 1936, passed an order requiring the defendant to pay the plaintiff as attorney's fees in the case the additional sum of $25. To this order the defendant excepted, assigning as error: that the court was without jurisdiction or authority of law to grant additional attorney's fees; that the original order for the payment of attorney's fees, which had been complied with, was a final adjudication of the matter of attorney's fees, and the court was without authority to revise the same; that there was no evidence before the court to support an award of additional attorney's fees; that the court was without jurisdiction to pass a further order in the case while it was pending in the Supreme Court.

In *Gibson* v. *Patterson*, 75 *Ga.* 549, it was said: "Temporary alimony is fixed by the judge in his discretion, and upon passage of the order allowing it the right to the amount allowed becomes fixed and absolute until revoked or modified by the judge, and may be enforced by writ of fieri facias or by attachment for contempt; and the failing to apply for the remedy to enforce it during the pendency of the suit can not operate to deprive the plaintiff of the right to sue for it after the final verdict disallowing permanent alimony." And it has also been held that during the life of the order or judgment for temporary alimony the court may, after due notice, change the terms of the same and may reduce the amount allowed, or, where it has been shown that the attorney for the wife has been compelled to render additional services, may increase the amount of it. While the court on the final trial of the permanent alimony case had lost jurisdiction of the same when he signed the bill of exceptions filed by the wife for the purpose of reviewing the judgment overruling her motion for a new trial, in view of the fact that the attorney had been compelled to render further service and might be compelled to still continue that service, the court did not err in allowing a reasonable amount as additional attorney's fees. *Judgment affirmed. All the Justices concur.*