## MOORE v. MOORE.

HEAD, Justice.  1. "Temporary alimony is fixed by the judge in his discretion, and upon the passage of the order allowing it, the right to the amount allowed becomes fixed and absolute until revoked or modified by the judge, and may be enforced by writ of fieri facias or by attachment for contempt; and the failing to apply for the remedy to enforce it during the pendency of the suit can not operate to deprive the plaintiff of the right to sue for it after the final verdict disallowing permanent alimony. The granting of temporary alimony is a question for the court; the finding or refusal of permanent alimony is for the jury." *Gibson* v. *Patterson*, 75 *Ga.* 549 (2); *Raines* v. *Raines*, 138 *Ga.* 790 (76 S. E. 51); *Gorham* v. *Gorham*, 147 *Ga.* 433 (94 S. E. 555); *Fauver* v. *Hemperly*, 178 *Ga.* 424 (173 S. E. 82); *Snider* v. *Snider*, 183 *Ga.* 734 (189 S. E. 512); *Coleman* v. *Coleman*, 205 Ga. 92 (52 S. E. 2d, 438).

(a) Nothing to the contrary was ruled in *Pace* v. *Bergquist*, 173 *Ga.* 112 (159 S. E. 678). In the latter case the trial judge undertook to extend a consent order for temporary alimony beyond the date of the final verdict and decree in the divorce case.

2. The defendant stated that he was employed regularly, and earned $1.10 per hour. He did not offer testimony of any fact or circumstance tending to show any inability on his part to pay the amount awarded as temporary alimony, but stated that he "wouldn't pay it." The evi-

dence and the defendant's statement demanded the finding that he was in contempt of court.

*Judgment affirmed. All the Justices concur.*

No. 17240. OCTOBER 11, 1950.

*George W. Westmoreland* and *G. G. Allen,* for plaintiff in error.

*Frank C. Gross* and *Ollie Mae Stowe,* contra.