## 37685. BAXTER v. BAXTER.

HILL, Presiding Justice.

This is a contempt "for failure to pay temporary alimony following final decree of divorce" case.

On January 1, 1978, the Baxters, then husband and wife, each owned a one-half undivided interest in their home. On April 13, 1978, the trial court entered a temporary alimony order giving the wife temporary possession of the home and requiring the husband to pay the monthly mortgage payments and "also pay the taxes on said described house."

After a jury verdict which awarded the house to the wife but made no provision for ad valorem taxes, judgment of divorce awarding permanent alimony in accordance with the verdict was entered on July 20, 1978. Pursuant to an earlier reservation, attorney fees were awarded to the former wife on September 20, 1978.

Due to re-evaluation, the Cobb County bill for 1978 property taxes was not received until January, 1979, payable February 12, 1979. The former husband paid the tax commissioner $239.43 on the $871.56 bill, reasoning that he owed taxes only on his undivided half interest from January 1 to July 20, 1978. In April, 1980, the former wife brought this petition for contempt for nonpayment of taxes.

After hearing, the trial court found the former husband in contempt, but not wilful contempt, of the April 13, 1978, temporary alimony order for failure to pay $414.24 in ad valorem taxes on the house from January 1, 1978, to September 20, 1978. The husband was given 30 days in which to pay the taxes. In its order, the trial court also ordered that the husband's interest in a suit involving the house be

transferred to the wife by consent of the parties. The former husband's application to appeal was granted.

1. The former husband enumerates that the trial court erred in finding that his obligation to pay the unaccrued tax liability as temporary alimony was not extinguished by the final decree of divorce. In *Newton v. Newton,* 238 Ga. 282 (232 SE2d 557) (1977), we held: "Any arrearage which accrued under the temporary order prior to rendition of the final decree may properly be the subject of contempt proceedings initiated subsequent to the final decree." See also *Moore v. Moore,* 207 Ga. 335 (1) (61 SE2d 500) (1950); *Kot v. Kot,* 243 Ga. 604 (255 SE2d 717) (1979). In seeking to distinguish *Newton,* the husband argues that the tax liability did not "accrue" until February 12, 1979, when the tax payment was due.[1] We disagree. The obligation to pay the 1978 taxes accrued under the temporary order within the meaning of *Newton* even though the amount due was not known until after the final decree. The trial court did not err in finding that the former husband's obligation to pay the taxes as required by the temporary alimony order was not extinguished by the final decree.

2. The husband argues that his obligation to pay taxes under the termporary order was not sufficiently clear and certain to sustain a finding of contempt. Again, we disagree. The obligation to pay the taxes on the house (not just on his undivided one-half interest in the house) was clearly placed on the husband by the temporary order. *Ramsey v. Ramsey,* 231 Ga. 334 (2) (201 SE2d 429) (1973), is therefore inapplicable. The amount of that obligation and the time for performance was made certain by the tax officials and thus the order was sufficiently clear and definite to form the basis of contempt for its violation. *Robinson v. Robinson,* 242 Ga. 698 (251 SE2d 287) (1978); see also *Nolan v. Moore,* 241 Ga. 156 (244 SE2d 10) (1978).

The husband argues that the order was unclear as to which tax years were the subject of the order; he urges that the order could have been made applicable to taxes for 1979, 1980, etc. This would be true if the temporary alimony payments had continued beyond 1978. However, under the facts of this case the husband is attempting to construe the order unreasonably in an effort to make it overbroad and unclear. We find no error in the trial court's application of the order to the taxes for the year 1978.

3. The husband argues that the trial court erred in holding him

---

[1] *Abney v. Harris,* 208 Ga. 184, 186-187 (65 SE2d 905) (1951), also relied upon by the husband, involved the termination of a temporary restraining order by a final injunction. That case is not applicable here.

in contempt after finding that his failure to obey the court's temporary order was not wilful. It is true that a person cannot be found in contempt of an alimony order, and incarcerated, except upon a determination that the violation was wilful. *Carlton v. Carlton,* 44 Ga. 216 (3) (1871); *Mason v. Mason,* 232 Ga. 336, 337 (206 SE2d 479) (1974). Hence, in a strict sense of the word, "contempt" means "wilful contempt," which phrase is redundant, on the other hand, the word "contempt" is also used broadly in finding that a person has violated a court order, albeit (as here) not wilfully. We do not insist that the word "contempt" be used only in its strict sense (undoubtedly having used it in its broad sense many times ourselves). Nor do we find error based solely on semantics where the meaning is clear. See *Floyd v. Floyd,* 247 Ga. 551, 552 (277 SE2d 658) (1981). The trial court's order is clear as to its meaning and we find no error.

4. The husband argues that the trial court erred in requiring him to pay the taxes due to September 20, 1978. He urges that if owed at all, he was required to pay the taxes only until July 20, 1978, the date of the divorce and alimony decree, rather than to September 20, the date of the award of attorney fees. We agree that September 20 is not the proper date. The final decree described the property and awarded it to the wife. Title vested in her when the final decree was entered on July 20, 1978, in the absence of an appeal. Thereafter, if the former husband had damaged the house he would be liable to his former wife.

The wife argues that the final decree was not final until the attorney fees were awarded pursuant to the earlier reservation. She cites *Odom v. Odom,* 241 Ga. 451, 453 (246 SE2d 308) (1978). In that case we were dealing with the finality of an alimony decree and award of attorney fees for purpose of appeal, not for the purpose of determining when title to property vested in the wife. The date of the award of attorney fees has no bearing on the question of when title passed from the husband to the wife. On remand, the computation of the husband's tax payment shall be vacated and recomputed.

5. The husband argues that the trial court lacked jurisdiction to transfer his interest in the pending suit involving the house to his wife and that inasmuch as the court lacked jurisdiction, his consent to the transfer was a nullity. He urges that a suit for declaratory judgment cannot be joined with a petition for contempt and hence the trial court could not declare that his interest in the suit be transferred to the wife.

We look with extreme disfavor upon litigants consenting to action by a trial court and then enumerating that action as error on appeal. Generally, in order to assert error on appeal, the appellant must show that he or she raised the issue in the trial court in a timely

and proper manner; e.g., by objection or motion. Consent is the opposite of an objection and a motion raising an issue; consent is express waiver and agreement. A litigant who seeks on appeal to obtain reversal of an order entered with the consent of the litigant bears an extremely high, perhaps insurmountable, burden. That burden is insurmountable here. If jurisdiction be required, the trial court had it, of the parties, of the res (the house) and of the subject matter (declaratory judgment actions). We find no error by the trial court in entering its order with the consent of the parties.

*Judgment affirmed in part; vacated and remanded in part. Jordan, C. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

*Weston D. Baxter,* for appellant.
*Barnes & Browning, Roy E. Barnes,* for appellee.