## S89A0362. THOMPSON v. THOMPSON.
### (388 SE2d 514)

HUNT, Justice.

We granted Mary Jane Thompson's application contending that her former husband, Donald Thompson, has not complied with the temporary alimony order entered in their divorce action and the trial court has denied her relief by contempt.

Mary Jane and Donald Thompson were married in 1971 and have two children. In February 1987, a temporary alimony award was entered providing as is relevant here that the husband must pay $250 per month per child in support and be responsible for "the upkeep on the home including taxes and insurance, . . . and any necessary repair to the furnace." It also set out that "the [husband] shall pay the tuition for the children of the parties at [the private school] as it accrues. . . ."

In November 1987, their son, by agreement, went to live with the husband, who discontinued paying the son's child support to the wife. She replaced the furnace and made other repairs on the house and borrowed the money to pay the children's tuition at the private school for the 1987-1988 school year. He refused to reimburse her for any of these expenses.

After a June 1988 trial at which the wife asked for reimbursement of the tuition and the costs of repairing the home, the jury's verdict provided "[the wife] receives the property on an 'as is' basis and has no claim against [the husband] *for past* or future improvements, but the trial court added in the judgment, "*except as provided in the temporary order.*" (Emphasis supplied.) No mention was made of tuition. Her application to appeal from the divorce decree was denied.

She then filed this action for contempt seeking $2,000 in temporary child support for her son from November 1987 until June 1988, $1,164 for home repairs, $65 for a termite bond renewal, and $10,200 for the 1987-1988 tuition. The trial court awarded her $2,000 "to apply on the tuition costs of the children," but declined to find the husband in contempt as to the child support, the cost of the repairs and the rest of the tuition for the orally stated reason that the wife had presented these claims to the jury and they had not been awarded to her. We reverse and remand.

The jury's verdict in deciding the final divorce issues cannot affect the provisions of the temporary order, which was still in effect. *Baxter v. Baxter*, 248 Ga. 144, 145 (281 SE2d 572) (1981). In *Chlupacek v. Chlupacek*, 226 Ga. 520, 521 (175 SE2d 834) (1970), we said:

Upon the hearing of the application for temporary alimony,

the merits of the case are not in issue. [Cits.] So a verdict and judgment denying a divorce and permanent alimony to the wife do not constitute res judicata or an estoppel preventing her from recovering temporary alimony. . . .

Similarly, the verdict and judgment on the jury trial for the final divorce are not res judicata of the issues presented in the temporary alimony order involved in this contempt.

There is no merit to the husband's claim of laches.

The trial court's order holding the husband in contempt is vacated and remanded for reconsideration of the contempt issues based on the terms of the temporary award. *Ward v. Ward*, supra, 236 Ga. at 861-62.

*Judgment vacated. All the Justices concur. Weltner, J., disqualified.*

DECIDED FEBRUARY 15, 1990.

*Turner, Turner & Turner, Jack P. Turner,* for appellant.
*Baskin & Baskin, Harris P. Baskin, Jr., Carol S. Baskin,* for appellee.

