## S04A1563. LEWIS v. LEWIS.
(604 SE2d 485)

Thompson, Justice.

During the pendency of the parties' divorce proceedings, a temporary order was entered granting custody of the minor children to plaintiff Gloria J. Lewis, and requiring defendant Terry M. Lewis to pay $950 per month as temporary support and maintenance for the children. Following a jury trial, a final judgment and decree of divorce was entered pursuant to which plaintiff was awarded legal custody, and defendant was required to pay permanent child support.[1] In the month following the final judgment, plaintiff brought a motion for contempt against defendant claiming, inter alia, that defendant owed a total of $3,325 in past due child support under the temporary order. The trial court refused to find defendant in wilful contempt reasoning that plaintiff waived any claim she may have had to child support under the temporary order by her failure to raise that claim during the jury trial. We granted discretionary review and reverse.

In *Newton v. Newton*, 238 Ga. 282 (232 SE2d 557) (1977), we held that a claim for arrearage in temporary alimony which accrued prior to rendition of the final decree may be the subject of contempt proceedings initiated subsequent to the final decree. See also *Moore v. Moore*, 207 Ga. 335 (1) (61 SE2d 500) (1950) (failure to apply for contempt of an order awarding temporary alimony during the pendency of the lawsuit cannot operate to deprive a party of the remedy after final verdict). Application of a similar rule is even more compelling in a situation such as this where temporary child support is implicated. That is because of the long-standing principle that the right to receive child support belongs to the child and cannot be waived by the custodial parent. *Crosby v. Crosby*, 249 Ga. 569 (292 SE2d 814) (1982); *Livsey v. Livsey*, 229 Ga. 368 (191 SE2d 859) (1972). We hold, therefore, that the claim for arrearage in child support under the temporary order was not waived by plaintiff's failure to assert the claim at trial. See generally *Thompson v. Thompson*, 259 Ga. 817 (388 SE2d 514) (1990) (jury's verdict in deciding final divorce issues cannot affect the provisions of a temporary order which was still in effect). Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

---

[1] Although we have no transcript of the proceedings below, it appears uncontested that by the time of the divorce trial, two of the parties' three children had attained the age of majority; therefore, the custody and support provisions of the final decree affected only one minor child.

DECIDED OCTOBER 25, 2004.

*Hirsch, Partin, Grogan & Grogan, Milton Hirsch*, for appellant.
*Cynthia Maisano*, for appellee.