301 Ga. 30
FINAL COPY

S17A0580.  WYNN v. CRAVEN.

PETERSON, Justice.

Over a period of fifteen years, a mother undercalculated by more than $72,000 the amount of child support a court had ordered the father to pay. When the father sought a change in custody, she then demanded payment. The trial court rejected her belated claim on the basis that it was barred by the equitable doctrine of laches. But laches does not apply to claims for uncollected child support, and so we reverse.

The record shows that Helen Wynn ("Mother") and Robert Craven ("Father") had a child together before divorcing in March 2000. The divorce decree incorporated the parties' settlement agreement, which awarded Mother primary physical custody of their child and required Father to pay child support in "an amount equal to 20% of his gross weekly income but not less than $100 per week." The decree further provided that child support was to be paid through the superior court clerk's office, and payments were to include the statutory handling charge and a copy of Father's weekly earnings statement.

In May 2009, Mother's attorney sent a letter to Father informing him that he owed $1,500 in child support arrears based on Mother's understanding that he was to pay $100 per week. Father paid this amount in full. In February 2014, Mother, with the assistance of the Division of Child Support Services, contacted Father to obtain $3,493 in arrears, an amount calculated again on the understanding that Father was to pay $100 per week. Father paid the amount requested.

In June 2014, Father sought a change of custody. In response, Mother, with a new attorney, filed a motion for contempt claiming that Father should have been making child support payments equal to 20 percent of his weekly income, not merely $100 per week. Mother provided evidence that, based on a 20 percent requirement, Father was $72,146 in arrears. The trial court granted Father's motion to change custody. The court denied Mother's motion for contempt on the basis of laches. The court concluded that Mother sought and accepted payments of only $100 per week for more than a decade, and she never sought the production of income records or otherwise exercised reasonable diligence in seeking child support in the amount of 20 percent of

Father's gross weekly income. The court directed that the applicable child support amount due from the date of entry of the divorce decree until the date of its order "shall be calculated at $100.00 per week." Following the denial of Mother's motion for new trial and motion to set aside the judgment, we granted Mother's application for discretionary appeal.

Mother argues that the trial court erred by applying the doctrine of laches to bar her claim to child support arrears, because it amounted to an unauthorized forgiveness of the amounts owed in arrears. We agree.

It is clear that the divorce decree required Father to pay more than he did. Father concedes that he would be $72,146 in arrears if the divorce decree required him to pay 20 percent of his gross weekly income in child support. The plain language of the divorce decree did precisely that, as it provides that Father was ordered to pay "an amount equal to 20% of his gross weekly income but not less than $100 per week." This $100 per week requirement was a floor, but only a floor; it was not also a ceiling. Father could pay $100 per week only when 20 percent of his gross weekly income was less than $100; otherwise, he had to pay 20 percent. Father can prevail, then, only if his equitable arguments

can relieve him of this unambiguous obligation. They can't.

It is well established that a child support order is a judgment entitled to full force and effect and is not subject to retroactive modification. OCGA § 19-6-17 (e). Any modification of a child support award may operate prospectively only. See Robertson v. Robertson, 266 Ga. 516, 518 (1) (467 SE2d 556) (1996); Jarrett v. Jarrett, 259 Ga. 560, 561 (1) (385 SE2d 279) (1989). A forgiveness or reduction of child support arrears constitutes an improper retroactive modification. See Robertson, 266 Ga. at 518 (1); see also Ga. Dept. of Human Resources v. Prater, 278 Ga. App. 900, 902-903 (2) (630 SE2d 145) (2006) (forgiveness of past-due child support arrearage is not permitted); Ga. Dept. of Human Resources v. Gamble, 297 Ga. App. 509, 511 (677 SE2d 713) (2009) (a trial court may not "forgive any amounts owed in arrears").

Mother's delay could not relieve Father of his obligation to pay child support. Father argues that the doctrine of laches barred Mother's contempt action because her almost 15-year delay in asserting her claim was inexcusable; she twice had sought to collect arrears and had the opportunity on those

occasions to determine whether Father owed additional child support but instead asked only for $100 per week.[1] Laches may bar belated equitable claims when "it would be inequitable to allow a party to enforce *his* [*or her*] legal rights." OCGA § 9-3-3 (emphasis supplied); see also OCGA § 23-1-25. But Mother was not asserting *her* right to child support; rather, she was asserting *her child's* right to child support. A parent cannot waive her child's right to child support. See, e.g., Lewis v. Lewis, 278 Ga. 570, 570 (604 SE2d 485) (2004) (noting "long-standing principle that the right to receive child support belongs to the child and cannot be waived by the custodial parent"); Citizens & S. Nat'l Bank v. Ellis, 171 Ga. 717, 733 (156 SE 603) (1931) (laches may apply when plaintiff's delay gives rise to "a presumption that, if the plaintiff was ever possessed of a right, it has been abandoned or waived").

Father's only real authority for his argument that laches applies here is

---

[1] Father also argues that Mother's failure to "renew" the March 2000 child support award under the divorce decree caused the award to become dormant and unenforceable. See OCGA § 9-12-60 (a) (providing when a judgment becomes dormant and unenforceable). Father's argument fails because the dormancy statute does not apply to child support orders entered after July 1, 1997. See OCGA § 9-12-60 (d) (provisions of subsection (a) of statute shall not apply to child support judgments or orders); Markowitz v. Ga. Dept. of Human Resources, 300 Ga. App. 371, 372 n.1 (685 SE2d 360) (2009) (noting that child support orders entered after July 1, 1997 are no longer included in the definition of dormant judgments).

5

the decision of the Court of Appeals of Georgia in <u>Haddon v. Dept. of Human Resources</u>, 220 Ga. App. 338 (469 SE2d 434) (1996).  But <u>Haddon</u> did not involve an attempt to collect child support arrears. There, a probate court entered an order incorporating a settlement agreement between a mother and putative father requiring the putative father to pay $4,400 in exchange for a release of any and all paternity claims against him. Id. at 339. Sixteen years later, the Department of Human Resources filed a petition on behalf of the mother seeking future child support; there was no claim that the putative father failed to pay the amount due under the agreement. Id. at 339 & n.2. The <u>Haddon</u> court applied the doctrine of laches to bar the petition for future child support because the settlement agreement resolved all claims against the putative father, and the mother never sought to set aside the order incorporating the agreement. Id. at 339-341.  The court acknowledged that parents may not waive their children's support rights but noted that those rights extend only to support from a child's parents, and the mother had never established the putative father's paternity. Id. at 339-340. Compare <u>Dept. of Human Resources v. Mitchell</u>, 232 Ga. App. 215,  216-217 (1) & n.1 (501 SE2d 508) (1998)

6

(distinguishing Haddon and concluding that trial court improperly applied laches to bar Department's contempt action to compel putative father to submit to paternity testing in an effort to collect reimbursement of public assistance paid in support of the minor child and future child support payments).

Unlike Haddon, Mother is not seeking future child support. Instead, she is seeking past child support ordered by a court and unpaid by Father. Regardless of whether Mother was diligent in attempting to collect child support arrears, Haddon does not apply here and does not support the application of laches to belated claims for past child support. See Sharpe v. Perkins, 284 Ga. App. 376, 380-381 (4) (644 SE2d 178) (2007) (finding meritless the father's argument that doctrine of laches barred mother's recovery of money for child's private school tuition that he owed under divorce agreement because it was the child's right that could not be waived by a parent); see also Lewis, 278 Ga. at 570 (claim for child support arrearage under a temporary order was not waived by plaintiff's failure to assert the claim at trial). The trial court was therefore without authority to modify the clear language of the divorce decree that required Father to pay 20 percent of his

gross weekly income, which had the effect of forgiving the arrears that had accrued under the decree. See, e.g., <u>Anderson v. Anderson</u>, 230 Ga. 885, 886-887 (199 SE2d 800) (1973) (trial judge presiding over contempt proceeding has no authority to forgive portion of arrearage or to reduce the amount of future child support obligations); <u>Gamble</u>, 297 Ga. App. at 510-511 (reversing contempt judgment that reduced father's child support obligation and his arrearage). Because the trial court erred in forgiving Father's arrears, we reverse. Although equitable principles could not bar Mother's contempt action, on remand, the trial court may consider the parties' circumstances, including any financial hardship to Father and his dependents, in determining the timing and manner of the payment of the arrears. See <u>Strunk v. Strunk</u>, 294 Ga. 280, 284 (5) (754 SE2d 1) (2013).

<u>Judgment reversed. All the Justices concur.</u>

Decided April 17, 2017.

Domestic relations. Lowndes Superior Court. Before Judge Tunison.

<u>Bennett Law Firm, Michael S. Bennett, Sr., James T. Bennett, Kari Anne Bowden</u>, for appellant.

8

Jennifer E. Williams, for appellee.