301 Ga. 28
FINAL COPY

S17A0558.  LE v. SHERBONDY.

HINES, Chief Justice.

Appellant Thi Le (Wife) filed a petition for contempt against appellee Matt Sherbondy (Husband), in which she alleged that Husband had failed to pay child support and other sums due under a temporary order in their divorce case.  The trial court denied the contempt petition based solely on the fact that the divorce action was dismissed before the contempt petition was filed.  We granted Wife's application for discretionary appeal to consider that ruling.  For the reasons that follow, we reverse and remand.

On May 21, 2015, Wife filed a complaint for divorce against Husband. On September 22, 2015, the trial court entered a temporary order requiring Husband to pay Wife $800 in child support every month beginning on October 1, 2015, to pay Wife $350 as child support for the remaining portion of September, and to pay half of their child's education costs for the 2015-2016 school year.  That same day, the trial court also ordered the parties to attend a status conference hearing with the court on January 12, 2016.  The parties and their attorneys failed to appear at that hearing, and on February

11, 2016, the trial court entered an order dismissing the complaint for Wife's failure to appear at the hearing or to file a motion for judgment on the pleadings in lieu of making an appearance.

On April 21, Wife filed a petition for contempt, alleging that Husband had willfully failed to pay her the monthly child support due under the temporary order, as well as his share of the cost of their child's education. In his response to the contempt petition, Husband alleged that his financial condition had declined, leaving him unable to pay the ordered sums, and that the dismissal of the divorce action nullified the trial court's temporary order and deprived the court of jurisdiction to hold him in contempt.

On June 21, 2016, the trial court denied the petition for contempt on the sole ground that Wife could not file a contempt petition after the case was dismissed. As explained below, the trial court erred in so ruling.

We have held that the dismissal of an underlying domestic relations action does not bar the later enforcement by contempt of temporary alimony payments that became due before the dismissal. See *Williams v. Williams*, 194 Ga. 332, 332 (3) (21 SE2d 229) (1942) ("The dismissal of the suit for alimony does not terminate the right of the wife to enforce the installments of temporary alimony which became due before such dismissal."); *Lovett v.*

2

*Lovett*, 225 Ga. 251, 251 (167 SE2d 590) (1969) (same) (overruled on other grounds in *Bryant v. Bryant*, 232 Ga. 160, 163 (205 SE2d 223) (1974)).  See also *Wilson v. Wilson*, 270 Ga. 479, 480-481 (512 SE2d 255) (1999) (holding that the dismissal of an action for modification of alimony "did not affect the binding nature of the two annual alimony payments that accrued under the temporary order before the dismissal").

In *Lewis v. Lewis*, 278 Ga. 570 (604 SE2d 485) (2004), we reached a similar result with respect to whether the entry of a final decree of divorce barred a party from seeking to enforce by contempt temporary child support payments that accrued before the entry of the decree.  As with the order of dismissal in *Williams*, we held that the entry of the final decree did not bar the contempt action.  We noted that we had previously held that "a claim for arrearage in temporary alimony which accrued prior to rendition of the final decree may be the subject of contempt proceedings initiated subsequent to the final decree."  Id. at 570 (citing *Newton v. Newton*, 238 Ga. 282, 282 (232 SE2d 557) (1977); *Moore v. Moore*, 207 Ga. 335, 335 (1) (61 SE2d 500) (1950)).   We added that "[a]pplication of a similar rule is even more compelling in a situation such as this where temporary child support is implicated.  That is because of the long-standing principle that the right to

3

receive child support belongs to the child and cannot be waived by the custodial parent." *Lewis*, 278 Ga. at 570. Accordingly, we held that "the claim for arrearage in child support under the temporary order was not waived by plaintiff's failure to assert the claim at trial." Id.[1]

The rationale of the foregoing cases requires that we hold in this case that the trial court's dismissal of the divorce action did not bar Wife from later seeking to hold Husband in contempt for his alleged failure to pay temporary child support that accrued before the dismissal. The trial court erred in ruling otherwise.

Judgment reversed and case remanded. Melton, P. J., Benham, Hunstein, Nahmias, Blackwell, Boggs, and Grant, JJ., and Judge John E. Morse concur. Peterson, J., not participating.

Decided April 17, 2017.

Domestic relations. Fulton Superior Court. Before Judge Lane.

Bobby C. Aniekwu, for appellant.

Matthew Sherbondy, pro se.

---

[1] See also OCGA § 19-6-16 ("Orders, decrees, or verdicts, permanent or temporary, in favor of the children may be enforced as those in favor of a party."); OCGA § 9-12-60 (d) (providing that the dormancy "provisions of subsection (a) of this Code section shall not apply to judgments or orders for child support or spousal support").

4