FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 FEB 12 AM 9: 28



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

In re:

| | | |
|---|---|---|
| LORI J. JORDAN, | ) | No. 76168-4-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| STEPHEN EARL WHITTED, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: <u>February 12, 2018</u> |

SPEARMAN, J. — Lori Jordan brought an action against Stephen Whitted to enforce six years of unpaid child support pursuant to Georgia decree. After ruling that Lori properly registered the Georgia decree in Washington, the trial court found Stephen in contempt. Stephen appeals both orders, making a variety of arguments related to the statute of limitations, standard of review at a revision hearing, due process, substantial compliance with the registration statute, and error in entering the contempt order. We conclude that none of Whitted's arguments have merit and affirm.

## FACTS

Lori Jordan and Stephen Whitted[1] divorced in 2007 in Georgia. Their divorce decree required that Stephen pay $1,735.93 in monthly child support as well as provide medical and dental insurance for the couple's three children. Lori was to transfer $55,000 to Stephen from her retirement account. Stephen never provided medical and dental insurance, and stopped paying child support in October 2010. Lori never transferred the retirement funds.

In the meantime, Lori and the children moved to Washington and Stephen moved to Maryland. In 2016, Lori filed an action in Washington to enforce and modify the child support provisions of the Georgia decree. She sought to hold Stephen in contempt for failure to pay child support. Lori registered the foreign Georgia decree in Washington pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), chapter 26.27 RCW.

Stephen appeared telephonically and pro se at a contempt hearing on August 22, 2016. There, the commissioner raised whether the court had subject matter jurisdiction over the dispute because Lori had registered the foreign decree under the UCCJEA, rather than the Uniform Interstate Family Support Act (UIFSA), chapter 26.21A RCW. The commissioner denied without prejudice Lori's contempt motion, finding that the court lacked subject matter jurisdiction over the matter because she failed to substantially comply with UIFSA registration requirements.

---

[1] We use the parties' first names for clarity. No disrespect is intended.

No. 76168-4-I/3

Lori moved to revise the commissioner's order. The trial court determined that Lori substantially complied with UIFSA registration provisions and granted Lori's motion for revision. On Lori's motion for contempt, the court found Stephen in contempt for failure to pay child support and provide medical and dental insurance. The court declined to offset the $164,868.85 arrearage by Lori's unpaid retirement account obligations, finding that the retirement transfer was not properly before it. The court ordered Stephen into custody, allowing him to purge his contempt with payment of a $5,000 cash bail and $2,000 per month toward back support. The court also entered an order withholding $2,000 in wages each month. Stephen purged his contempt and appeals both the order of contempt and the order granting Lori's motion for revision.

## DISCUSSION

### Statute of Limitations

Stephen argues that the trial court erred in finding that the statute of limitations to enforce the Georgia child support order had not expired.

Whether a statute of limitations applies to preclude an action is a mixed question of law and fact. But where the material facts are undisputed, the appellate court's review is de novo. See Ellis v. Barto, 82 Wn. App. 454, 457, 918 P.2d 540 (1996). "In a proceeding for arrears under a registered support order, the statute of limitation of this state or of the issuing state or foreign country, whichever is longer, applies." RCW 26.21A.515(2). In Washington, child support orders are enforceable until ten years after the 18th birthday of the youngest child for whom support is ordered. RCW 4.16.020(3); RCW 4.56.210(2). In

3

Georgia, there is no limitation on claims for uncollected child support. GA. CODE ANN. § 9-12-60(d); Wynn v. Craven, 301 Ga. 30, 799 S.E.2d 172 (2017). The unlimited Georgia collections period applies because it is longer. Thus, the trial court correctly concluded that its authority to enforce the decree was not time barred. There was no error.

Standard of Review on Revision

Stephen argues that the revision court improperly reviewed the commissioner's order de novo after he offered oral testimony to the commissioner.

Whether the trial court applied the correct legal standard is a question of law that we review de novo. Thomson v. Doe, 189 Wn. App. 45, 51, 356 P.3d 727 (2015). "On revision, the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004) (citing In re Marriage of Moody, 137 Wn.2d 979, 993, 976 P.2d 1240 (1999); State v. Wicker, 105 Wn. App. 428, 433, 20 P.3d 1007 (2001)). Contrary to Stephen's assertions, no oral testimony was taken at the commissioner's hearing. He appeared pro se and offered argument, but did not present oral testimony under oath. As a result, we do not reach Stephen's argument on the standard of review for testimony.

Stephen also argues that even if no oral testimony was taken, its absence was procedurally improper. But a hearing without testimony is not procedurally improper, as the commissioner and judge had the opportunity to consider

4

evidence and testimony in the form of sworn declarations. See In re Marriage of James, 79 Wn. App. 436, 442, 903 P.2d 470 (1995). There was no error.

Failure to Plead UIFSA

Stephen argues that he was deprived of due process because Lori's pleadings did not notify him that she was proceeding under the UIFSA. He contends this also violated notice pleading requirements.

We review de novo whether an individual's due process rights were violated. Aiken v. Aiken, 187 Wn.2d 491, 501, 387 P.3d 680 (2017). No person may be deprived of life, liberty or property without due process of law. CONST. art. I, § 3; U.S. CONST. Amend. XIV. This constitutional guarantee requires notice and the opportunity to be heard and defend before a competent tribunal in an orderly proceeding adapted to the nature of the case. In re Marriage of Ebbighausen, 42 Wn. App. 99, 102, 708 P.2d 1220 (1985) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

Stephen had substantial notice that Lori was proceeding with an action to hold him in contempt for failure to pay child support. Lori's declaration in support of her motion for a show cause hearing for contempt notes that she seeks contempt for "Failure to comply with the provision of the child support order. . . ." CP at 179. Stephen was aware of Lori's allegations against him at both the commissioner's hearing and the revision hearing, and responded to these allegations in memoranda of law.

Lori's failure to mention the UIFSA in her initial pleadings also did not deprive Stephen of due process. The UIFSA is a procedural statute under which

an out of state order is registered. Lori proceeded with a contempt, not UIFSA, cause of action. Additionally, Lori's error did not prejudice Stephen because the commissioner raised the UIFSA issue sua sponte on Stephen's behalf and ruled in his favor. Stephen then had an opportunity to respond to the issue at the revision hearing. Because Stephen cannot demonstrate that he lacked an opportunity to meaningfully defend against the action, his due process argument fails.

Stephen also argues that the failure to mention the UIFSA in the initial contempt pleadings violated CR 8 notice pleading rules. A complaint fails to meet notice pleading standards if it neglects to give the opposing party "fair notice." Pac. Nw. Shooting Park Ass'n v. City of Sequim, 158 Wn.2d 342, 352, 144 P.3d 276 (2006) (citing Dewey v. Tacoma Sch. Dist. No. 10, 95 Wn. App. 18, 26, 974 P.2d 847 (1999)). A complaint must at least identify the legal grounds upon which the plaintiff is seeking recovery. Molloy v. City of Bellevue, 71 Wn. App. 382, 385, 859 P.2d 613 (1993). Lori's contempt pleadings need not include notice of the registration statute because that is not the legal ground upon which she is seeking recovery.

Lori's failure to mention the UIFSA in her initial pleadings did not violate due process or notice pleading rules. There was no error.

Substantial Compliance with the UIFSA

Stephen argues that the revision court erred when it found that Lori substantially complied with UIFSA requirements.

6

Whether a party substantially complies with statutory registration requirements is a question of law that we review de novo. Schneider, 173 Wn.2d at 358.

The UIFSA was designed "to facilitate registration and enforcement of decrees in non-issuing states." Owen, 126 Wn. App. at 504. To register a foreign support order in Washington under the UIFSA, a litigant must file:

> (a) A letter of transmittal to the tribunal requesting registration and enforcement;
>
> (b) Two copies, including one certified copy, of the order to be registered, including any modification of the order;
>
> (c) A sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage;
>
> (d) The name of the obligor and, if known:
>
> (i) The obligor's address and social security number;
>
> (ii) The name and address of the obligor's employer and any other source of income of the obligor; and
>
> (iii) A description and the location of property of the obligor in this state not exempt from execution; and
>
> (e) Except as otherwise provided in RCW 26.21A.255, the name and address of the obligee and, if applicable, the person to whom support payments are to be remitted.

RCW 26.21A.505. Substantial compliance with these requirements is sufficient. Owen, 126 Wn. App. at 495.

The record supports the revision court's finding that Lori substantially complied with the UIFSA requirements. Stephen asserts that there are a variety of deficiencies with Lori's registration, but none of these relate to current statutory

requirements for registration under the UIFSA. Only his last assigned deficiency, that the amount of arrearage was not listed, relates to a UIFSA registration requirement. Lori substantially complied with that requirement in her declaration, which included the child support arrearage: $165,765.54. The trial court did not err.

## Contempt Order

Stephen argues that the trial court erred by finding him in contempt. He advances a number of arguments to support his position, none of which have merit.

This court will not reverse a contempt order absent an abuse of discretion. James, 79 Wn. App. at 440. We review a trial court's findings of fact for substantial evidence. In re Marriage of Rideout, 150 Wn.2d 337, 352, 77 P.3d 1174 (2003).

Stephen first contends that the trial court's award of child support arrears was an error because Lori did not mitigate her damages by bringing her action sooner. The doctrine of mitigation of damages generally applies in contract and tort cases. 16 DAVID K. DEWOLF & KELLER W. ALLEN, WASHINGTON PRACTICE: TORT LAW AND PRACTICE 9.9 at 396 (4th ed. 2013). It prevents recovery for damages the injured party could have avoided by reasonable efforts taken after the wrong was committed. Id. Stephen cites no case, and none appears to exist, that requires mitigation of delinquent child support. Further, child support payments become vested judgments as the installments come due. Schafer v. Schafer, 95 Wn.2d 78, 80, 621 P.2d 721 (1980). Thus, the past due child support was

already in the form of a judgment that Lori was under no obligation to mitigate, and that she could not mitigate, because one cannot retroactively modify support payments in Washington. In re Marriage of Hunter, 52 Wn. App. 265, 758 P.2d 1019 (1988).

Stephen argues that Lori had a duty to seek payment earlier to reduce accumulated interest. But again, once the child support payment became due, it was in the form of a judgment that Stephen had the obligation to pay regardless of action taken by Lori. If Stephen wished to avoid interest on the unpaid child support, it was his obligation to timely pay the support owed. The trial court did not err in rejecting Stephen's mitigation of damages defense.

Stephen next argues that the doctrine of laches precludes Lori's recovery of past due support because Lori was aware of her claim for about six years before initiating her contempt action.

A defendant who asserts laches must prove that: "(1) the plaintiff had knowledge of the facts constituting a cause of action or a reasonable opportunity to discover such facts; (2) there was an unreasonable delay in commencing the action; and (3) there is damage to the defendant resulting from the delay." Hunter, 52 Wn. App. at 270 (citing In re Marriage of Watkins, 42 Wn. App. 371, 374, 710 P.2d 819 (1985)). Absent unusual circumstances, laches should not be invoked to bar an action short of the applicable statute of limitation. Brost v. L.A.N.D., Inc., 37 Wn. App. 372, 375, 680 P.2d 453 (1984). Delay can only be considered unreasonable if it occurs under circumstances permitting diligence.

Hunter, 52 Wn. App. at 270 (quoting Retail Clerks Health & Welfare Trust Funds v. Shopland Supermarket, 96 Wn.2d 939, 949, 640 P.2d 1051 (1982)).

The parties dispute the second element, whether Lori's delay initiating a contempt action was unreasonable. Stephen offers a number of facts supporting his argument that Lori knew or could have known where he was during the period that he did not pay child support, making her delay was unreasonable. The trial court made no finding on laches or delay. Thus, we assume that the trial court found that Lori's claim was not barred by laches, and that her delay was not unreasonable. Lobdell v. Sugar 'N Spice, Inc., 33 Wn. App. 881, 887, 658 P.2d 1267 (1983). This is supported by substantial evidence: Lori declared that she did not know of Stephen's whereabouts during this period, or know that he was employed. The record supports that Lori was prevented from bringing a child support enforcement action against Stephen until 2016. Because Stephen cannot establish the second element of laches, his laches defense fails.

Stephen further argues that Lori has "unclean hands" because she has not transferred retirement monies pursuant to the divorce decree and therefore cannot obtain a contempt order. Stephen provides no legal authority for his argument except one uncited quotation. We therefore reject this insufficiently supported argument under RAP 10.3(a)(6).[2]

Stephen also argues that the court erred in awarding Lori $47,269.03 in past medical and dental premiums. He contends that the decree required that

---

[2] RAP 10.3(a)(6) provides that the argument in support of the issues presented for review include "citations to legal authority and references to relevant parts of the record."

Lori present receipts for reimbursement, that Lori did not do so, and therefore the award was an error.

The divorce decree does not require Lori to present receipts for insurance premiums:

> Plaintiff shall provide and shall pay the major medical, hospitalization, vision and dental insurance for the benefit of the minor children and will provide Defendant with a copy of all required documents wherein she can utilize the insurance for the minor children. All non-covered health, dental, orthodontic and vision expenses not covered by insurance shall be divided equally (50-50) between the parties. Any party incurring a medical, dental or vision expense that is not covered by insurance shall submit to the other party a copy of the "paid" invoice or receipt for said medical expense within thirty (30) days of incurring the expense. . . .

CP at 14-15. Stephen was obligated to provide and pay the children's insurance, with no requirement that Lori provide a receipt for reimbursement.

To the extent that Stephen argues that the award of medical and dental premiums is not supported by substantial evidence in the record, we disagree. Below, Lori presented a spreadsheet detailing her premium rates for six different periods of time between 2007 and 2016, and the employer that provided the insurance coverage for each of those time periods. This is substantial evidence supporting the award of past medical and dental premiums.

Finally, Stephen argues that he was ordered to pay an amount in excess of his ability to pay, citing federal guidelines. No court of any state may order garnishment in excess of the limits established in the Consumer Credit Protection Act. 15 U.S.C. § 1673(c). Where an individual is supporting another spouse or dependent child and is in arrears more than 12 weeks, no more than 55 percent of that individual's disposable earnings may be garnished. 15 U.S.C. §

11

No. 76168-4-I/12

1673(b)(2). Disposable earnings are "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C. § 1672(b).

Stephen's net monthly income after deduction of various taxes is $6,237.71. Assuming that Stephen is supporting his current wife, he may be garnished up to 55 percent of that income, or $3,430.74. The trial court's order withholding monthly wages of $2,000 does not violate federal law as argued by Stephen. Stephen offers no other argument why $2,000 each month exceeds his ability to pay. The trial court did not err.

Attorney Fees

Lori requests attorney fees on appeal under RCW 26.18.160 and RCW 7.21.030(3). A prevailing party in an action to enforce a child support order is entitled to an award of costs, including reasonable attorney fees under RCW 26.18.160. The court may, in its discretion, order a person found in contempt to pay a party for losses resulting from the contempt and any costs incurred in connection with the contempt proceeding. RCW 7.21.030(3). Subject to compliance with RAP 18.1, we award Lori reasonable attorney fees and costs on appeal under the mandatory statute, RCW 26.18.160.

Affirmed.

WE CONCUR:

12